In the matter of the probate of the last will and testament of
EDWIN STERNKOPF.

[Decided November 23d, 1906.]

Upon proof raising a presumption of death under the provisions of the act entitled "An act declaring when the death of persons absenting themselves shall be presumed," passed March 7th, 1797, the will of a person so presumed to be dead may be admitted to probate.

On application for probate.

*Mr. Charles F. Kocher,* for the proponent.

MAGIE, ORDINARY.

Charlotta Sternkopf has presented a petition for the admission to probate of the last will and testament of Edwin Sternkopf, her husband. The circumstances disclosed therein being unusual, she was directed to cite all the next of kin and heirs-at-

law of Edwin Sternkopf. On the coming in of the citations a guardian *ad litem* for an infant, one of the next of kin and an heir-at-law, was appointed, and the matter was heard before me on oral proofs.

The paper writing which was produced was proved to have been executed by Edwin Sternkopf on the 8th of October, 1897. Its execution was shown to have been accompanied with every circumstance required to constitute a valid testamentary disposition of property. But there was no direct proof produced of the death of the testator. There was ample proof to raise a presumption of death under the provisions of the act entitled "An act declaring when the death of persons absenting themselves shall be presumed," passed March 7th, 1797. *Pat. L. 241; 1 Gen. Stat. 1185.*

That act and the amendments and supplements thereto have been the subject of judicial consideration in many cases, and, so far as this application is concerned, I think it is thereby settled that the presumption arising upon proof satisfying the terms of the original act is a presumption of law, and that the death is presumed to have occurred at the termination of seven years from the time when the person was last heard from. *Wambaugh v. Schenck, 2 N. J. Law (1 Penn.) 214; Smith v. Smith, 5 N. J. Eq. (1 Halst.) 484; Osborn v. Allen, 26 N. J. Law (2 Dutch.) 388; Clarke v. Canfield, 15 N. J. Eq. (2 McCart.) 119; Hoyt v. Newbold, 45 N. J. Law (16 Vr.) 219; Plume v. Howard Savings Institution, 46 N. J. Law (17 Vr.) 211; Burkhardt v. Burkhardt, 63 N. J. Eq. (18 Dick.) 479; Meyer v. Madreperla, 68 N. J. Law (39 Vr.) 258.*

I have not been able to discover any instance of the admission of a will to probate in this court upon the mere presumption of the death of the testator arising under the statute. Nor have I been pointed to, nor discovered, any such proceeding by surrogates or orphans courts. Counsel refer to the case of *Plume, Administrator,* v. *Howard Savings Institution, ubi supra,* in which it seems that the letters of administration of the plaintiff were issued upon a mere presumption of death, and contend that if the presumption will support administration it will be equally effective for the admission of a will to probate. But the supreme

court was careful in that case to refrain from deciding whether or not the orphans court had a right to issue the letters of administration. What it decided was that the orphans court had jurisdiction of the subject-matter, and that its action thereon could not be attacked collaterally. The decision shed no light on the question here presented.

But although this question seems to be one of first impression, notwithstanding the statute was enacted over a century ago, I have, upon mature consideration, reached the conclusion that this application ought to be granted and the will admitted to probate.

My first doubt was whether the terms of the act of 1797 were extensive enough to embrace such an application. They raise the presumption of death upon certain proofs "in any case wherein his or her death shall come in question." It then declares that an estate recovered "in any such case" shall be restored to him or her if in any subsequent action or suit the person so presumed to be dead shall be proved to be living, and he may recover the rents and profits of the estate during the time he or she shall have been deprived of it.

It would seem that this act could have been interpreted as limiting the presumption which it permitted or required to "cases" in which the question of death was involved, and in which there could be a recovery of an estate and a process of eviction therefrom.

But the judicial interpretation in this state has recognized a meaning of broader import in its terms. It has been declared to be an embodiment in statutory form of the rule of the common law that on proof that a person had been absent from his usual abode without being heard from for the period of seven years his death be presumed. Our courts have therefore not limited its application to actions affecting real property, but have applied it to other matters.

In *Wambaugh* v. *Schenck, ubi supra,* it was unsuccessfully contended that the act did not extend to an action of dower, although that was a real action.

In *Smith* v. *Smith, ubi supra,* it was applied by the chancellor

in a case in chancery involving the right to a dividend made by executors of the residue of the estate in their hands.

In *Osborn* v. *Allen, ubi supra,* it was deemed applicable in an action by a mother to recover compensation for the services of her son, in which she claimed to be a widow on the presumption of the death of her husband.

In *Clarke* v. *Canfield, ubi supra,* it was applied by the chancellor on a bill filed for the recovery of a legacy of money.

In *Burkhardt* v. *Burkhardt, ubi supra,* it was applied to a case arising under a bill for a decree that a marriage was null.

The subsequent case of *Spiltoir* v. *Spilloir, 64 Atl. Rep. 96,* seems to indicate that the statute applies when the death of a person comes directly in question, but not where the issue is not raised by the pleadings or only appears incidentally.

In view of the long course of decisions relating to the applicability of the Death act, I think I would not be justified in excluding from its application the case presented before me by the petition for probate. And it is to be observed that by the direction of citations to the heirs-at-law and next of kin the petition must be treated as one for probate in solemn form.

If I had reached a different construction of the Death act it would not, in my judgment, necessarily result in the denial of the application.

While it is true that upon proof of the existence of a person at a particular time it must be presumed that he continued to exist thereafter until his death is proved, it has never been conceived that the proof of death must necessarily be direct. Obviously, upon proof of circumstances raising a counter-presumption, his death may be found. Thus, if he embarked on a vessel which was never afterward heard from, or which was proved to have been shipwrecked, at least under circumstances indicating the loss of all on board, there would be a question, after a reasonable time had elapsed, during which he had not been heard from, whether the presumption of the continuance of his life had not been overcome by the counter-presumption of his death in the shipwreck. The English courts seem to have adopted the period of seven years as indicating the reasonable period sufficient to raise the counter-presumption. In *Doe* v. *Jesson, 6 East 80,*

Lord Ellenborough applied such a rule on the analogy of the English statute respecting leases dependent on lives of *19 Car. II.,* and the statute respecting bigamy of *1 Jac. I.;* and seven years' absence unheard from seems to have been generally accepted as raising the counter-presumption, although there have been questions raised as to whether the presumption of death arose at the end of that period, or whether, when the time of death came in question, it must not be directly proved. But *In re Goods of Matthews, L. R. Prob. Div. 17 (1898)*, the English probate court, on proof of sufficient inquiries for the testator, who had disappeared, permitted his death to be sworn to three years after his disappearance.

In the case in hand the proof of the disappearance of the testator, that he had not been heard from since a few days thereafter, and that there had been continued and exhaustive searches and inquiries to ascertain his whereabouts, which were unsuccessful, is ample to overcome the presumption of his life and to raise a presumption of his death at this time, which is more than eight years after he was last heard from.

Another difficulty in taking jurisdiction to admit this will to probate on the proofs suggested itself to me on the examination of the more recent legislation. If, upon a presumption of the death of a testator arising under the statute, or otherwise, his will may be admitted to probate, such presumption would also apparently justify the issuance of letters of administration if no will were produced. Yet the legislature, by a supplement to the then existing Orphans Court act, approved March 23d, 1885 (*P. L. 1885 p. 116*), conferred power upon the ordinary, the orphans courts and surrogates, to grant letters of administration upon the estate of a person who, upon proofs, is shown to have absented himself, and has not been heard from for seven years. But no power is conferred to admit a will to probate and issue letters testamentary thereon upon such proofs. This legislation has been re-enacted in the Orphans Court act of 1898, in sections 30, 31 and 32. *P. L. 1898 p. 725.*

I am not inclined to attribute to this legislation the force of legislative determination that no power existed in probate courts to grant letters testamentary, or of administration, upon proofs

raising a presumption of death under the statute, or otherwise, unless expressly conferred on them. By a supplement to the Death act of 1797, approved February 15th, 1848 (*P. L. 1848 p. 43*), it was enacted that the heirs or *devisees* of a person presumed to be dead, under the provisions of the act, might apply to the court of chancery and procure an order for the sale of the lands to which such person would be entitled if living, provision being made for accounting to him for the proceeds of the sale if he should appear and claim the same. By an amendment to this supplement, approved April 3d, 1891 (*P. L. 1891 p. 313*), the benefits of the act were extended to purchasers from such heirs and *devisees*. It is not necessary to determine whether these acts were effective in the attempt to convey the interest of the person presumably dead, but it is evident that the legislation recognized that there might be devisees of such a person, which necessarily involves the existence of an effective will competent to be admitted to probate. I am rather inclined to the view that the act of 1885 was designed to regulate the manner in which the estates of persons presumed to be dead should be administered and distributed upon security for repayment, if the person returned, and that conferring the power to issue letters of administration was incidental and out of caution.

The result is that the applicant is entitled to have this will admitted to probate, and to have letters testamentary issued to her as the executrix named therein.