JULIA STROEBEL, PETITIONER-RESPONDENT, v. JEFFERSON TRUCKING AND RIGGING COMPANY, DEFENDANT-APPELLANT.

Argued May 24, 1940—Decided October 10, 1940.

For the appellant, *William L. Flanagan* (*William P. Braun,* of counsel).

For the respondent, *Meyer Bronstein.*

The opinion of the court was delivered by

HEHER, J. The petition presented on June 20th, 1939, is not maintainable as an original petition for compensation, since it was not filed within the time prescribed by *R. S.* 1937, 34:15-41, 34:15-51, embodying the substance of the

provisions of paragraph 5 of chapter 149 of the laws of 1918, as amended by chapter 280 of the laws of 1931, and clause (h) of paragraph 23, section III, of the Workmen's Compensation act, as amended by chapter 279 of the laws of 1931. *Pamph. L.* 1918, *pp.* 429, 431; *Pamph. L.* 1931, *pp.* 704, 707, 708.

The accident occurred on August 8th, 1928; and the injured employe died on the ensuing November 5th. As pointed out in the opinion of the Supreme Court, a petition for compensation was filed on January 31st, 1929; and the proceeding resulted in a "Stipulation, Settlement Agreement and Discontinuance," approved by the compensation bureau, whereby the employer undertook to pay to the deceased employe's dependents, and did in fact pay, "in a lump sum, * * * one-half of the full amount of compensation which" the employer "would have to pay had a judgment been rendered against" it, "for the death" of the employe, "at the rate of $17 per week," *i. e.* 420 3/7 weeks, or the total sum of $7,147.28, "in full accord and satisfaction" of the dependents' claim.

Thus it is that this lump sum payment, apportioned weekly in consonance with the statutory standard, embraced a period terminating in the first week of December, 1936, more than two years before the filing of the instant petition; and therefore the provision of the cited statute permitting the filing of a petition for compensation "within two years after the last payment of compensation," where "a part of the compensation has been paid by the employer," has no applicancy. *King* v. *Western Electric Co.*, 122 *N. J. L.* 442; *affirmed*, 124 *Id.* 129. The determinative is not "the period when the compensation in the statutory sense should have been paid," but rather the amount of compensation actually rendered. Even though the agreement was intended by the parties to be a final settlement of the claim for compensation, and full payment has been made in accordance therewith, the sum so paid, if less than that prescribed by the statute, is considered merely a part payment of compensation within the intendment of the cited provisions of limitation. "The test is whether the compensation so paid is but a part of that which 'ought to be

paid' under the statute, and not whether it is the entire sum agreed to be paid in full settlement of the claim arising under the statute." *P. Bronstein & Co., Inc.,* v. *Hoffman,* 117 *Id.* 500.

Yet an affirmance of the judgment is required. The present proceeding was viewed, ultimately, as one designed "to adjudicate the original petition;" and the deputy commissioner ruled that it was within his province to hear the original petition on the merits. The compromise agreement, notwithstanding the bureau's approval, does not constitute a bar to the determination of the original petition on the merits. It is lacking in the element of finality. Unless the agreement be consonant with the law applicable to the facts found, the bureau's approbation does not serve the statutory policy. Such superintendency was designed "to secure full compliance with the statute, and thus to safeguard the injured employe, and the dependents of one suffering fatal injury, against deprivation of the rights thereby conferred." The parties are disabled "from contracting out of the statute after the accident, just as paragraph 23 (e) * * * restricts the exercise of the parties' contractual power to the statutory agreement prior to its occurrence." *P. Bronstein & Co., Inc.,* v. *Hoffman, supra. Vide Toohey* v. *Gorman,* 125 *N. J. L.* 41. And, since such compromise agreement *is* not conclusive upon the parties, so also is the incidental provision for a discontinuance of the proceeding ineffective to bar a hearing of the controversy upon the merits.

It remains to consider appellant's final contention that the doctrine of laches precludes relief. We find it to be without substance. Laches involves more than mere delay, mere lapse of time. To deserve that category, the delay must be for a length of time which, unexplained and unexcused, is altogether unreasonable under the circumstances, and has been prejudicial to the party asserting it or renders it very doubtful that the truth can be ascertained and justice administered. *Obert* v. *Obert,* 12 *N. J. Eq.* 423; *Bent* v. *Smith,* 22 *Id.* 560; *Cawley* v. *Leonard,* 28 *Id.* 467; *Soper* v. *Cisco,* 85 *Id.* 165; *Massie* v. *Asbestos Brake Co.,* 95 *Id.* 298; *Reeves* v. *Weber,* 111 *Id.* 454; *Hinners* v. *Banville,* 114 *Id.* 348, 357.

Here, the dependents comprise, besides the widow, eight children whose ages at the time of the filing of the original petition ranged from thirteen years to four months, of whom, it will be noticed, six were still infants at the time of the filing of the instant petition. An infant is not chargeable with laches. *Quick's Ex'rs* v. *Fisher,* 9 *N. J. Eq.* 802; *Obert* v. *Obert, supra; Smith* v. *Drake,* 23 *Id.* 302; *Scheel* v. *Jacobson,* 112 *Id.* 265. And it is not suggested that the employer has in any respect been injured by the delay—delay to which it has materially contributed by an abortive compromise of the asserted statutory liability.

In *Cawley* v. *Leonard, supra,* this court considered a petition to open decrees in foreclosure presented, some three and a half years after their entry, by an owner of part of the mortgaged lands who had not been made a party to the proceedings, since her deed had not been recorded and the mortgagee was unaware of her interest. An order dismissing the petition was reversed, and the decrees opened, with leave to plead to the bill of complaint. Mr. Justice Scudder quoted with approval this pronouncement of Lord Hardwicke in *Kemp* v. *Squire,* 1 *Ves. Sr.* 205: "Any court of justice will incline, as far as in its power, to open what is concluded, that the merits may come before the court, and that the plaintiff may not be precluded from entering therein and having justice done." And he declared that "mere lapse of time is not sufficient to take away the right of a party to be heard in a court of equity, where there has been no laches, and there are no intervening rights of others which may be unjustly disturbed." See, also, *Crandol* v. *Garrison,* 115 *N. J. Eq.* 11. This principle is of especial pertinency here, since the peremptory policy of the Compensation act is to render inconclusive adjudications not based upon the merits. Laches does not have a different quality in the courts of law. Moreover, a proceeding for compensation under article 2 of the Compensation act is *sui generis.* It is summary in nature; and the procedural rules generally obtaining should not be permitted to override the clear policy of the statute.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DONGES, HEHER, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 8.

*For reversal*—PARKER, CASE, PORTER, WELLS, JJ. 4.