BERGEN COUNTY COURT OF COMMON PLEAS.

HENRY USCIENSKI, PETITIONER-APPELLANT, v. NA-
TIONAL SUGAR REFINING CO., SUCCESSOR TO WAR-
NER SUGAR REFINING CO., RESPONDENT-APPELLEE.

Decided February 17, 1941.

For the petitioner-appellant, *Nicholas A. Carella.*

For the respondent-appellee, *McCarter, English & Egner.*

WEBER, C. P. J.   One Bronislaw Uscienski was employed
by the Warner Sugar Refining Company, now known as the
National Sugar Refining Company, at its Edgewater plant
and, on January 29th, 1918, while so employed, was injured
as the result of an accident which arose out of and in the
course of his employment.   As a result of said injury, the
employe died on February 4th, 1918, leaving him surviving
his widow and an infant son, who was then five weeks old.

The employer paid compensation payments to the widow for a period of approximately three hundred (300) weeks. After the son, the petitioner herein, became of age, he filed this claim for compensation under the Workmen's Compensation act.

At a hearing, before one of the deputy commissioners of the Compensation Bureau of this state, the petition was dismissed, because of the following reasons specified in the order of the deputy commissioner:

"It was not filed with the bureau within two years after the date on which the accident, alleged in the petition, occurred or within two years after the failure of the respondent to make payment pursuant to the terms of any agreement, or within two years after the last payment of any compensation and that the claim for compensation on account of the death of the employe, as alleged in the petition, was barred by reason of the failure to file the petition within the time required by law."

The Workmen's Compensation act of 1911, as amended by the laws of 1913, was, at the time of the happening of the accident, in full force and effect and any remedies and rights, which the petitioner herein may have, must be based upon the law as it was in effect at the time of the happening of the accident. The 1911 act, as amended by the 1913 act, provides:

"In case of personal injury or death, all claims for compensation on account thereof, shall be forever barred, unless within one year after the accident the parties shall have agreed upon the compensation payable under this act, or unless within one year after the accident, one of the parties shall have filed a petition for adjudication of compensation as provided herein."

The same act further provides:

"An agreement or award for compensation may be modified at any time by a subsequent agreement, or at any time after one year from the time when the same became operative, it may be reviewed upon the application of either party on the ground that the incapacity of the injured has subsequently increased or diminished."

The petitioner claims, first, that he was an infant at the time of the injury to his father; that he was under such disability that he was unable to protect his rights; and, that the statute of limitation, provided by the act, did not run against him during the period of his infancy. And, he further contends, that inasmuch as the respondent paid to his mother compensation for a period of approximately three hundred (300) weeks, such payment, under the provisions of the 1913 act, removed any and all limitation of time upon the filing of a petition by the petitioner.

The term "limitation" has been defined to mean *"The time which is prescribed by authority of the law, at the end of which, no action at law or suit in equity can be maintained."* By the common law there was no fixed time for the bringing of actions. Limitations are creatures of statute and derive their authority from statutes. "The exemptions from the operation of statutes of limitations commonly granted to infants do not rest upon any fundamental doctrine of the law, but upon the legislative will expressed in the statutes; infants could be put upon the same footing as adults in this respect, and unless excepted they so stand." 37 *Corp. Jur.* 1018, § 423. "No exception can be claimed in favor of minors in a statutory provision limiting the time for commencing actions given by such statute, unless they are expressly mentioned by the statute as excepted. Thus a statute which contains a saving clause in favor of infants 'in any of the personal actions before mentioned' applies only to actions mentioned in such statutes. And where requirement as to time is a condition to the existence of liability in a statute making no exception, infancy is no excuse for noncompliance with the requirement." 37 *Corp. Jur.* 1021, § 424.

In *Gelewski* v. *Cudile,* 17 *N. J. Mis. R.* (at *p.* 49); 4 *Atl. Rep.* (2d) 9, the referee decided that the Compensation act is in derogation of the common law, and that all such statutes must be strictly construed. He further said that in the Compensation act there is a provision for the prosecution of a minor's claim by a next friend or other representative; that the act provides that petitions for claims shall be filed within two years of the date of the alleged accident or the date of the

last payment made by agreement; and, that as the petition in that case was filed on October 27th, 1938, for injuries sustained on February 9th, 1936, and, that as no payment has been made by the respondents, the petition should be dismissed.

Our Court of Errors and Appeals, in *Gillette* v. *Delaware, Lackawanna and Western Railroad Co.*, 91 *N. J. L.* 220; 102 *Atl. Rep.* 673, decided that under the Federal Employers' Liability act of 1908, suits for injuries must be begun within two years after the day when the cause of action accrued and, therefore, held that infancy was no excuse for failing to bring suit within two years after the injury was sustained. Mr. Justice Parker (at *p.* 221) said:

"Our statute of limitations contains a provision that infants entitled to any of the actions previously specified in that act shall have the respective periods of limitation after majority in which to bring suit. This, however, is on its face inapplicable to the federal act, which, as we have already said, lays down the conditions under which suits may be brought under it."

In *Bankers' Trust Company of Detroit* v. *Tatti et al.*, 242 *N. W. Rep.* 777, the Supreme Court of Michigan held, that, as the statute (Workmen's Compensation act) contained no exception in the case of minors or persons under any physical or mental incapacity, in the case of dependents, as to the time within which claims on their behalf should be filed, such claims would be barred unless filed within the period provided by the statute.

"Where no exception is provided by statute, the requirement for the filing of a claim within a specified time applies to a minor dependent of an employe, whose failure to comply with the act precludes him from recovery." 17 *Corp. Jur.* 1025, § 799.

In this connection, it is significant to note that the statutes of limitations in force in this state each contain an exception as to the period of infancy and that there is no such exception contained within the Workmen's Compensation statute as it existed in the year 1917 and as it now exists.

In the case of *Pike* v. *Delaware, Lackawanna and Western*

*Railroad Co.,* 31 *N. J. L. J.* 81, the question was there raised as to whether or not there was any exception in effect extending the period of limitation in favor of an infant where the statute failed to provide any such exception. On page 83, the court said: "As the statute contains no exceptions, the court cannot import them into it."

The case of *Balsh* v. *Phineas Jones Co.,* 44 *N. J. L. J.* 208, is cited by petitioner as sustaining his position. In that case, the deputy commissioner decided that the operation of the statute of limitations incorporated within the Workmen's Compensation act was suspended during a period of incompetency of the workman. While this case seems to sustain the contention of the petitioner, its holding is contrary to the provision of the Workmen's Compensation act, the decision of our courts and the general rule that exceptions from the operation of the statute of limitations, by reason of infancy or incompetency, can only be created by statute.

The petitioner further contends that, if the petitioner's claim was barred by reason of the fact that the petition was not filed within the period of one year after the happening of the accident, the statute of limitations does not apply because of the compensation payments made by the respondent to decedent's widow, which payments, it is alleged, were made for a period of approximately three hundred (300) weeks. He further contends that the making of payments by the respondent was an agreement to pay compensation and that, therefore, the operation of the statute of limitations was, by the wording of the 1913 act, indefinitely suspended.

The respondent contends that the making of the payments was not an agreement to pay compensation and, further, that if the making of such payments did constitute making an agreement to pay compensation to the widow, such agreement was made with a person other than the petitioner and that, therefore, the petitioner herein cannot ask to have the matter reviewed.

The petition filed herein alleges no agreement, whatsoever. It states, in answer to Question 8, that compensation was paid; that the petitioner received no compensation from the employer and that the employer did not agree to pay to the

petitioner any compensation and nothing further is alleged or submitted by way of proof, of any kind, that any agreement was ever made by the employer and the employe's widow, either on her own behalf, or on behalf of herself and the petitioner herein. I have, therefore, before me only a petition which appears to be an original application and which does not, in any respect, allege, or show, that it is in the nature of one reviewing the alleged agreement.

The petitioner cites *Wright* v. *Smith,* 38 *N. J. L. J.* 231, as a case where the court decided that the entry into of an agreement removed the bar of the statute. The facts, however, in that case were decidedly different from the instant case. There, the petitioner contended that the parties had agreed upon compensation payable under the act and the testimony was to the effect that the employer stated to decedent and to petitioner that he would do all he could for decedent and petitioner; that he would pay all her husband's money until he was able to go to work; that, at the funeral, he said he would do anything he could. Furthermore, the agreement, if any, was made by the widow with the employer rather than by anyone on behalf of the petitioner.

In *Breen Iron Works* v. *Richardson,* 115 *N. J. L.* 305, the court dismissed a petition in the case where the person was injured on March 9th, 1931; filed a petition on May 9th, 1931; and, on October 3d, 1931, procured an order directing payment of compensation and where a new petition was filed by his widow on August 2d, 1933, claiming for the husband's death by reason of the accident which occurred on May 9th, 1931. In that case, the court decided that the filing of the wife's petition was the institution of a new proceeding and therefore did not come within the exception providing for a review because of increased disability.

*Lusczy* v. *Seabourd By-Products Co.,* 101 *N. J. L.* 170; 127 *Atl. Rep.* 212, was a case in which compensation was paid to an employe for temporary disability which was alleged to be an agreement for compensation; that, thereafter, the employe died and the widow filed a petition on October 2d, 1923, approximately two years after the occurrence of the accident. On page 173, the court said:

"The respondent's argument is that the payment of the compensation in November, 1921, for temporary disability, constituted an agreement between Lusczy and the By-Products Company to pay compensation; that the petition filed by the widow is an application to review such agreement; that a petition of this nature can be filed at any time and is not subject to the statutory limitation stated in section 23(h). We think this contention unsound. The statutory provision is that the agreement can only be reviewed upon the application of a party to it. The agreement to pay compensation was an agreement to which only Lusczy and the By-Products Company were parties. The widow, who is the petitioner in this case, was not a party to the agreement. Any rights which she may have had for compensation for the death of her husband are rights which flow directly from the statute. . They are not rights to which she succeeds as the representative of her husband. The petitioner in this case, was not, in our opinion, a party to the agreement, and so is not in a position which entitles her to have it reviewed."

The statute provided that actions were barred, unless, within one year after the accident, the parties shall have agreed upon the compensation payable under this act, which statute, presupposes that an agreement had been entered into providing for the payment of the compensation, in an amount as provided for by law. If, therefore, as in this case, there is no allegation or proof of any agreement, the bar of the statute cannot be considered as having been removed.

In view of the foregoing, the judgment, heretofore entered by the bureau, is affirmed.