### UMBERTO LAMETTA *v.* CONNECTICUT LIGHT AND POWER COMPANY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued October 8—decided November 4, 1952

*Ernest L. Josem,* for the appellant (plaintiff).

*Walter F. Torrance, Jr.,* for the appellee (defendant).

BROWN, C. J. This action was brought May 22, 1947, on behalf of the plaintiff, a minor, by his father and next friend to recover for personal injuries alleged to have been sustained on October 17, 1944, through the defendant's negligence. In a special defense, the defendant pleaded that the action was not brought within one year from October 17, 1944,

the date the injury was claimed to have been inflicted. The plaintiff replied that at the time of the injury he was a minor, that he "has not yet attained his majority or emancipation," and therefore that he was not obliged to bring this action within one year. The defendant demurred to this "because the governing statute makes no exception of minors and therefore is applicable to the instant case and is a complete bar thereto." The court sustained the demurrer and, upon the plaintiff's refusal to plead over, rendered judgment for the defendant.

The statute in question is § 8324 of the General Statutes, entitled "Limitation of action for injury to person or property." The pertinent provisions are: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within one year from the date of the act or omission complained of . . . ." There is no provision exempting infants from the statute's operation. The sole question for determination is whether the statute is to be construed as embodying an exception by implication in favor of an unemancipated minor. The question has never been passed upon by this court.

The plaintiff cites no authority to support his contention that such an exception should be implied. He argues that, since his cause of action is at common law and not of statutory origin, it does not fall within the principle enunciated in *DeMartino* v. *Siemon,* 90 Conn. 527, 97 A. 765. That was an action for damages for death under the statute wherein it was held that the limitation is a condition which attaches to and forms a part of the right of action itself. The contention of the plaintiff cannot avail him. Obviously, the *DeMartino* case is no authority for the converse proposition that an action at com-

mon law is not subject to the express terms of such a general statute of limitations as § 8324. The further claim that the express exception in favor of infants contained in other of our statutes of limitation, such as §§ 8313, 8314, 8315 and 8318, discloses a state policy to protect minors, and that, therefore, since § 8324 contains no such express exception in their favor, one should be implied, is hardly convincing. On the contrary, this situation constitutes strong reason for not adopting the construction urged by the plaintiff. It is more reasonable to suppose that had the General Assembly intended such an exception it would have inserted it in § 8324. The plaintiff's final argument, predicated upon § 6855 of the General Statutes, is likewise without merit. Section 6855, as amended by § 1243b of the 1951 Cumulative Supplement, provides: "No parent of a minor child [or] guardian of the person of a child . . . shall receive or use any property belonging to such child . . . to an amount exceeding one thousand dollars in value unless appointed guardian of the estate of such minor." That statute by no means precludes action on behalf of a minor to recover for injuries and, therefore, shows no reason for implying in § 8324 an exception in his favor. Under our common law an infant may sue either by next friend or by guardian, if one has been appointed. The powers and responsibilities of each in prosecuting a suit for the infant are the same. *Williams* v. *Cleaveland,* 76 Conn. 426, 431, 56 A. 850. The infant in a suit by his next friend is fully protected, " 'for the court, under whose inspection the suit is prosecuted, is bound to take care for the infant.' " Id., 434. Furthermore, an infant is entitled from the date of a judgment in his favor to the immediate possession and enjoyment of the full amount of damages allow-

ed him, although his rights must be exercised by a guardian of his estate. *Rutkowski* v. *Connecticut Light & Power Co.,* 100 Conn. 49, 55, 123 A. 25. In view of these rights of the infant to sue and the practical probability that a parent or other interested person will see that they are asserted, § 6855 affords no basis for the plaintiff's contention.

"[O]ne great object of statutes of limitation is 'to prevent the unexpected enforcement of stale claims, concerning which persons interested have been thrown off their guard by want of prosecution.' *Miller* v. *Calume[t] Lumber & Mfg. Co.,* 121 Ill. App. 56, 66." *Anderson* v. *Bridgeport,* 134 Conn. 260, 266, 56 A.2d 650. " 'The Statute of Limitations is a statute of repose. At times, it may bar the assertion of a just claim. Then its application causes hardship. The legislature has found that such occasional hardship is outweighed by the advantage of outlawing stale claims.' *Schmidt* v. *Merchants Despatch Transportation Co.* [270 N. Y. 287, 302, 200 N. E. 824]." *Kennedy* v. *Johns-Manville Sales Corporation,* 135 Conn. 176, 179, 62 A.2d 771. The practical need for adopting these principles might well be vividly demonstrated if the plaintiff's contention were to prevail. To allow a one-year-old child, for example, to wait out his minority before asserting a claim for personal injuries would be to allow the enforcement, by reason of § 8324, of claims against persons truly thrown off guard by want of prosecution. Under such circumstances few, if any, witnesses for the defendant in all probability would be available at the time of trial or, if they were, could recollect what had transpired. That this consideration does not apply with equal force to causes of action as to which §§ 8313, 8314, 8315 and 8318 extend the period of limitation for minors may well

account for the legislature's failure to provide for a similar extension in a tort action such as this case. It was with ample reason that the legislature decided as a matter of sound public policy to guard against the prosecution of such stale claims as would be possible under the exception claimed. This conclusion is confirmed by the fact that the one-year limitation applicable to personal injuries (§ 8324) was carved out of the general three-year limitation for actions founded upon tort (§ 8316). *Tuohey* v. *Martinjak,* 119 Conn. 500, 507, 177 A. 721. To hold that the exception claimed is to be implied would be violative of the public policy which the legislature has long recognized.

There is abundant authority from other jurisdictions, unchallenged by the plaintiff, that the exception which he seeks should not be allowed. First of all, "[l]imitations are creatures of statute and derive their authority from statutes." *Uscienski* v. *National Sugar Refining Co.,* 19 N.J. Misc. 240, 242, 18 A.2d 611. So, in construing a statute which, like § 8324, contained no exemption clause, the Supreme Court of Pennsylvania held that the statute provided "an effective bar to the claims of all persons whether sui juris or not." It further said: " 'A saving from the operation of statutes for disabilities must be expressed or it does not exist . . . .' . . . 'The exemptions from the operation of statutes of limitation usually accorded to infants do not rest upon any fundamental doctrine of the law, but only upon express provisions therefor in such statutes. It is competent for the legislature to put infants and adults upon the same footing in this respect, and this is the effect of a statute containing no savings clause exempting infants': Wood, Limitation of Actions, Vol. 2, page 1083." *Elkins's Estate,* 325 Pa. 373, 376,

190 A. 650; *Chouteau* v. *Hoss,* 118 Okla. 76, 79, 246 P. 844; *Slaughter* v. *Tyler,* 126 Fla. 515, 517, 171 So. 320; 34 Am. Jur. 158, § 197; 54 C. J. S. 262, § 235. "It is well settled that a statute of limitations runs against the claims of infants in the absence of a contrary statutory provision." *Lane* v. *Travelers Ins. Co.,* 230 Iowa 973, 977, 299 N.W. 553; *Miller* v. *Industrial Commission,* 106 Colo. 364, 367, 105 P.2d 404; *Vance* v. *Vance,* 108 U. S. 514, 521, 2 S. Ct. 854, 27 L. Ed. 808; *Commerce Union Bank* v. *Gillespie,* 178 Tenn. 179, 194, 156 S.W.2d 425. The court did not err in sustaining the defendant's demurrer to the plaintiff's reply to the defendant's second special defense.

There is no error.

In this opinion the other judges concurred.