163 N.J. Super. 16 (1978)
394 A.2d 137
VIRGINIA SUZANNE SCHARWENKA, PETITIONER-APPELLANT,
v.
CRYOGENICS MANAGEMENT, INC., RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 18, 1978.
Decided October 12, 1978.
*17 Before Judges CONFORD, PRESSLER and KING.
Mr. William W. Farrar, attorney for appellant.
Messrs. O'Brien, Brett, Martin & Leitner, attorneys for respondent (Mr. John W. O'Brien on the brief).
*18 The opinion of the court was delivered by CONFORD, P.J.A.D.
This appeal presents the question whether a dependency petition for workers' compensation benefits is barred on limitation grounds, as held by the judge of compensation. We are constrained to affirm.

I
N.J.S.A. 34:15-51 provides that every claimant for compensation shall file a petition "within two years after the date on which the accident occurred," with exceptions not here pertinent. This limitation period has been held to be a jurisdictional requirement, Schwarz v. Federal Shipbuilding and Dry Dock Co., 16 N.J. 243, 248 (1954), and it is applicable to dependency petitions for death of the worker as well as to disability claims. N.J.S.A. 34:15-41; Oleyar v. Swift & Co., 51 N.J. 470, 471 (1968); Schwarz v. Federal Shipbuilding and Dry Dock Co., supra.
Decedent Paul Scharwenka was employed as an office worker by Cryogenics Management, Inc. On September 9, 1972 he was piloting a Cessna 310J airplane on a flight from Morristown in this State to Nantucket Island, Massachusetts.[1] He had no passengers. The airplane was last heard from as it was approaching Nantucket. Neither Scharwenka nor the plane was ever found. They simply disappeared.
On April 12, 1973 a "Final Decree" of a Probate Court of the Commonwealth of Massachusetts adjudicated that the decedent "died on September 9, 1972 at or near Nantucket, Massachusetts" and that he did so as a result of the loss of the Cessna aircraft en route to Nantucket from Morristown on the said date. Presumably this adjudication was secured to enable the family to settle the estate of decedent.
The instant dependency claim petition, on behalf of petitioner widow and a four-year-old son, was filed February 25, *19 1975. Respondent employer has denied liability from the outset and has made no payments on the claim. The motion for dismissal by respondent was based on the contention that the "accident" took place on September 9, 1972 and that the claim is out of time as having been filed more than two years thereafter.
Petitioner pursues a number of theories to evade the categorical language of the statute, but we find none of them availing. Several cases are cited to demonstrate the "liberal" approach of the courts to the limitation provisions of the statute, but each of them depends on construction of one or another of the statutory exceptions, primarily that pertaining to extension of the period after payments by or on behalf of the employer. See Jones v. Badger Mfg. Co., 98 N.J. Super. 410 (Cty. Ct. 1967); V. v. Long Branch Sewerage Auth., 86 N.J. Super. 56 (App. Div. 1964); Lynch v. Newark, 46 N.J. Super. 335 (App. Div. 1957). Cf. Stroebel v. Jefferson Trucking & Rigging Co., 124 N.J.L. 210 (Sup. Ct. 1940), aff'd 125 N.J.L. 484 (E. & A. 1940).
Petitioner also invokes the statute for presumption of death at the end of a seven-year period of unexplainable absence, N.J.S.A. 3A:40-1. She argues that she would by virtue thereof have been precluded from bringing any action prior to the expiration of the seven-year period were it not for the Massachusetts decree, Krauss v. Brooklyn Fire Ins. Co., 130 N.J.L. 300 (E. & A. 1943), and that the effect of that decree is to render the accident one which occurred on the date of the decree for purposes of the limitations statute. The argument is flawed. The Krauss case is distinguishable from that before us since there the absence of the person in question was totally unexplainable. Therefore postponement of suit on his behalf as the named insured on a fire policy beyond the period specified in the policy was held excusable. In the present case, every rational inference from the facts and circumstances of the disappearance of the decedent is that he died at or about the time of the disappearance of the airplane on September 9, 1972. These circumstances *20 invoke the "special peril" doctrine under which, while it is ordinarily presumed that a person alive at a given time continues to exist until his death is proved, death may be found as a fact from proof of circumstances overcoming the presumption, as where the person is never heard from after undergoing a peril strongly indicative of death. In re Bencel, 78 N.J. Super. 545, 552 (App. Div. 1963); Lukens v. Camden Trust Co., 2 N.J. Super. 214, 227-228 (Ch. Div. 1948); Sternkopf's Case, 72 N.J. Eq. 356, 359 (Prerog. 1906). Note, 3 Rutg. L. Rev. 266, 273 (1949). It is unimaginable that if petitioner had filed her claim within a few weeks of the disappearance of decedent on the basis of the known facts the petition could have been resisted or dismissed for insufficient proof of an accident or death.
We hold the incidence of the decree of the Massachusetts Probate Court to be irrelevant to the issues before us. The timing of the procurement of that decree does not bear upon the factual issue as to when the accident occurred. For purposes of the application of the statute we can look only to evidence rationally probative of when that critical event transpired, and the decree is not in that category. Respondent does not rely upon the purported adjudication by the decree that decedent died on September 9, 1972 but upon the impelling surrounding circumstances.
Although petitioner has not overtly contended that the discovery rule as applied to accrual statutes of limitation, see Lopez v. Swyer, 62 N.J. 267 (1973), justifies giving her relief in this situation, she seems impliedly to so aver in arguing that the "acquisition of the enforceable right" did not in this case occur until entry of the Probate Court decree. That contention lacks cogency. The time of procurement of the decree was purely adventitious. It could have been delayed indefinitely. The statutory criterion of the time of the accident cannot be displaced by the vagaries of the occasion selected by decedent's next of kin to procure an adjudication of death for entirely disparate purposes.
*21 Furthermore, assuming, but not deciding, that the discovery rule is at all applicable in relation to a jurisdictional limitation period, such as the instant provision has been held to be in the Schwarz case, supra (16 N.J. at 248), as contrasted with an accrual statute of limitations,[2] the facts at hand would not bespeak relief for petitioner. As already indicated, petitioner either knew or reasonably should have known, well before a date two years prior to the filing of her claim, the existence of facts equatable with a compensation cause of action for accidental death. See Burd v. New Jersey Tel. Co., 76 N.J. 284 (1978).
For the reasons indicated, we conclude that the petitioner's claim petition is barred for failure to have filed the claim within the statutory limitation period.

II
Petitioner argues that the limitation period should be tolled as to her infant son until majority, and that if the statute be construed not to permit such tolling, it be adjudicated unconstitutional "through the sheer inadequacy of the substituted remedy," amounting to a denial of property without due process of law.
That there is no tolling proviso in the compensation act is perfectly clear. N.J.S.A. 34:15-41 bars "all" death claims not filed within the period specified in N.J.S.A. 34:15-51, i.e., two years after the accident. No exception or qualification for infancy or incompetency is provided for, in contrast with the express provision therefor in the general statutes of limitations. N.J.S.A. 2A:14-21. See O'Connor v. Altus, 67 N.J. 106, 123 (1975). That the situation of an infant is not a legislative casus omissus is indicated by N.J.S.A. 34:15-51, which not only fixes the *22 two-year limitation period but also declared that "[p]roceedings on behalf of an infant shall be instituted and prosecuted by a guardian, guardian ad litem, or next friend * * *." It is evident that the legislative policy for expeditious disposition of claims for industrial accidents would be thwarted if a claim could be suspended for 20 years because of the infancy of a dependent in a death case. In any event, we fully agree with the reasoned opinion in Uscienski v. National Sugar, etc., Co., 19 N.J. Misc. 240, 18 A.2d 611 (C.P. 1941), barring an infant's dependency claim filed after the passage of the statutory period of limitations. Cf. Gillette v. D., L. & W.R.R. Co., 91 N.J.L. 220 (E. & A. 1917), barring an infant's action under the Federal Employers' Liability Act of 1908 for limitations because of the absence from that act of a provision for tolling the statute in the case of actions on behalf of infants.
The constitutional argument is based upon the enforced substitution of the compensation remedy, shorn of a tolling provision, for the infants' alleged "right of election to pursue a compensation claim till they reached their majority (plus two years)"  a right apparently argued to ensue from the "common law [right] of an employee to sue his employer." To the extent that we understand the contention we find it without merit. Tort actions, death actions, and workers' compensation proceedings, are sufficiently distinctive in purpose, function and effect to rationally warrant legislative differentiation in respect of limitation provisions, including the incidence of tolling vel non. The statute is not unconstitutional. Cf. Rosenberg v. North Bergen, supra (61 N.J. at 200-201).
Judgment affirmed; no costs.
NOTES
[1] No question is raised on this appeal as to whether the employee was acting for the employer in connection with this flight.
[2] For an illustration of the distinction between accrual statutes of limitation and those based upon the occurrence of an objective event see Rosenberg v. North Bergen, 61 N.J. 190, 199-200 (1972).