[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT
The defendant moves for judgment notwithstanding verdict pursuant to Connecticut Practice Book 321, which provides in pertinent part
 Whenever a motion for a directed verdict made at any time after the close of the plaintiff's case in chief is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion . . . . After the acceptance of a verdict and within the time stated in Section 320 for filing a motion to set aside a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment rendered thereon set aside and have judgment rendered in accordance with his motion for a directed verdict . . . .
CT Page 6158
Plaintiff brought suit against the defendant, Newington Children's Hospital, alleging, essentially, that employees of the hospital were negligent in that they failed to obtain informed consent for recommended surgery. Plaintiff, who at the time was a ward of the Department of Children Youth Service (DCYS), claimed during trial that the hospital was negligent because it did not give the information upon which to form a decision that the plaintiff needed surgery to correct his severe scoliosis, to the persons authorized to make that decision at DCYS who could authorize the surgery. During trial, the defendant moved for a directed verdict on the ground that plaintiff's cause of action was barred by General Statutes 52-854 and for other reasons. The court reserved decision on that motion.
General Statutes 52-584 provides that actions for professional negligence, i.e., malpractice, which an action for lack of informed consent constitutes, see Lambert v. Stowall,205 Conn. 1, 5 (1987), "shall be brought within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered."
The defendant argues that any delict complained of was discoverable, if not actually discovered, by September or October of 1984, thus barring plaintiff's suit which was filed June 1, 1987. The plaintiff claims that discovery of the injury could not have taken place before June 1, 1985, because the guardian DCYS in this case was a potential defendant.
Plaintiff's arguments are unavailing. When plaintiff was treated at the defendant hospital in September of 1984, DCYS had provided consent for the surgery, and both DCYS and plaintiff were aware of plaintiff's injury alleged to have occurred starting in October 1983 at a meeting between a representative of DCYS, the plaintiff and his foster mother. Nevertheless, against medical advice, the plaintiff left the hospital and refused surgery at least at the September 1984 meeting.
After a hearing in the Juvenile Court, plaintiff was directed by the court to Boston Children's Hospital for further evaluation. Again, he was informed of the need for surgery and his deteriorating condition by Boston Children's Hospital. Again, however, he refused surgery. At this point, if not in September of 1984, plaintiff and DCYS both should have discovered the injury caused by defendant's alleged omission in October 1983. Indeed, between January 1985 and June 1, 1987, plaintiff points to no date when plaintiff should have discovered his injury, only that it was after June 1, 1985.
One event that took place subsequent to the January meeting CT Page 6159 in Boston, to which plaintiff attaches significance, is his 18th birthday, on November 3, 1985. In the application of statutes of limitation, however, this event is without significance; "It is well settled that statute of limitations run against the claims of infants in the absence of a contrary statutory provision." Lametta v. Connecticut Light Power Co., 139 Conn. 218, 223
(1952). Because children cannot be presumed to know when they have suffered in jury, "the knowledge of a parent or guardian that his or her child has suffered an actionable injury must be imputed to the child." Burns v. Hartford Hospital, 192 Conn. 451, 458 n. 4 (1984). Regardless of whether the guardian is considered to be DCYS or the foster mother, the plaintiff's injury was discoverable and should have been discovered by at least January of 1985.
The court can only conclude that the jury instruction regarding the application of 52-584 misled the jury into believing that the plaintiff had three years from the discovery of the injury to file suit. Part of the jury charge stated that if the jury "find[s] that the defendant's negligence occurred less than three years before the plaintiff brought this action, the statute does not bar the action." Shortly thereafter, the court stated that if "you find that the plaintiff knew or should have known of his injuries as of September of 1984, the action would have been brought within the three year period and the action would not have been barred.
These instructions were incorrect. Upon discovery of his injuries, the plaintiff has only two years in order to institute suit. Because the plaintiff or his guardian had to have reasonably discovered his injury by January of 1985, his suit, filed in June of 1987, is, barred by 52-584.
The plaintiff makes a number of arguments to resist this conclusion. The plaintiff argues that if his cause of action was discoverable during his minority and DCYS did not sue to protect his rights, then enforcement of 52-584 would be unconstitutional. Plaintiff's argument is unpersuasive. This argument is simply another way of saying that the statute should be tolled during a plaintiff's minority if the guardian does not sue. In Burns, supra, the court noted no constitutional infirmity in barring the minor plaintiff's suit when his parent did not sue in time. This court also fails to find any. The fact is plaintiff's guardian could have sued, but failed to do so; this failure does not prevent the application of 52-584.
Plaintiff also argues that the injury could not have been discovered because DCYS, the guardian, did not sue and because the Juvenile Court, Ottaviano, J., did not appoint a guardian ad litem to prosecute the suit in favor of the plaintiff. The first argument is unpersuasive. The fact that one does not sue does not CT Page 6160 in any way indicate whether one could have sued. Plaintiff's other argument also fails. This bold assertion that Judge Ottaviano would have appointed a guardian had a cause of action been discoverable is unsupported. This court will not guess the meaning of another court's inaction, but perhaps, Judge Ottaviano believed DCYS and the foster mother were sufficiently representing the minor's interests. After all, when the plaintiff was in front of the juvenile court, the guardian still had plenty of time to file suit under 52-584.
Therefore, the court finds that he plaintiff or his guardian discovered or should have discovered his injury by at least January of 1985. Thus, plaintiff's suit filed on June 1, 1987, is barred by 52-584. Accordingly, defendant's motion for judgment notwithstanding verdict is granted, and judgment shall enter in favor of the defendant. This disposition makes it unnecessary to consider the parties other arguments and defendant's motion to set aside.
/s/ Meadow, J. FRANK S. MEADOW