[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
INTRODUCTION
This action was brought by the Commissioner of Labor (the "Commissioner"), pursuant to § 31-68 and § 31-72 of the General Statutes (all further section references are to the General Statutes, unless otherwise noted), to recover allegedly unpaid overtime wages on behalf of six persons (the "claimants") who claim to have been employees of the defendants Linda McIntosh and her husband Robert McIntosh. Each of the referenced sections authorizes the Commissioner to bring suit against an employer, as defined by statutes hereinafter set forth, who fails to pay wages due to an employee.
The defendant Linda McIntosh (the "defendant") has moved for summary judgment on the following grounds:
 1) She was not an employer as that word is defined for the purposes of § 31-68 and § 31-72; and
 2) Some of the claims asserted by the Commissioner are barred by § 52-596, the statute of limitations governing actions brought pursuant to § 31-68 and § 31-72.
After this action was begun, a count relating to the claims of one of the claimants, Thomas H. Johnson, Jr., was withdrawn by the Commissioner, as further discussed hereinafter.
DISCUSSION
 Was the Defendant an Employer
Section 31-68 provides, in excerpted form:
 If any employee is paid by his employer less than the minimum fair wage or overtime wage to which he is entitled . . . the commissioner may bring any legal action necessary to recover twice the full amount of the unpaid minimum fair wages or unpaid overtime CT Page 1297 wages . . .
Section 31-72 provides, in excerpted form:
 When any employer fails to pay an employee wages . . . the labor commissioner may bring any legal action necessary to recover twice the full amount of unpaid wages . . .
In regard to motions for summary judgment, Section 384 of the Practice Book states:
 The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Actions under § 31-68 and § 31-72 lie only against an employer. Therefore, if the defendant was not an employer of the claimants, she is entitled to summary judgment.
In support of her motion for summary judgment, the defendant has submitted her own affidavit (the "McIntosh affidavit") in which she states, inter alia:
 "My husband has, at all relevant times, operated his business (by which the Commissioner claims the claimants were employed) as a sole proprietorship, and I do not any own (sic) part of said business nor have any financial interest in it.
. . .
 "I have never hired, supervised, directed, discharged, suffered to work, permitted to work, or otherwise controlled or attempted to control, or employed in any manner, any of the individuals mentioned in the Amended Complaint."
In opposition to the defendant's motion for summary judgment, the Commissioner has submitted an affidavit (the "Cavagnaro affidavit") from Regina Cavagnaro, a wage and hour inspector employed by the Department of Labor. Those portions of the Cavagnaro affidavit which bear on whether the defendant was CT Page 1298 an employer are as follows:
 ". . . I have determined that Linda McIntosh played an active role in the business . . .
 "Linda McIntosh signed payroll checks for the business . . .
 "Linda McIntosh issued assignments and instructions to employees. . . .
 "Linda McIntosh was a significant participant in the family businesses along with her husband, Robert McIntosh, and was an employer under Connecticut law."
Section 381 of the Practice Book provides, in regard to affidavits submitted in connection with motions for summary judgment, in relevant part:
 Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.
The statements in the Cavagnaro affidavit that the defendant "played an active role," was a "significant participant" and "was an employer under Connecticut law" do not comply with the quoted requirements of Section 381 of the Practice Book because they are statements of opinion rather than matters of "personal knowledge," because the assertions in those statements are not "facts that would be admissible in evidence" from the lips of Ms. Cavagnaro and because those statements are not supported by matters that would "show affirmatively that (Ms. Cavagnaro) is competent to testify" to them. Because those statements don't comply with Section 381 of the Practice Book, they cannot be considered on this motion.
The Cavagnaro affidavit contains two statements which can be considered on this motion because they do comply with the requirements of Section 381 of the Practice Book. Those are the statements that the defendant "signed payroll checks" and "issued assignments and instructions." For purposes of this motion, those statements are taken to be facts, and the question then becomes whether those facts, without more, are sufficient to support a CT Page 1299 legal conclusion that the defendant was an employer.
For the purposes of § 31-72, "employer" is defined in § 31-71a(1), as follows:
 "Employer" includes any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the state of a deceased person, the conservator of the estate of an incompetent, or the receiver, trustee, successor or assignee of any of the same, employing any person, including the state and any political subdivision thereof.
For the purposes of § 31-68, "employer" is defined in § 31-58(e), as follows:
 "Employer" means any owner or any person, partnership, corporation or association of persons acting directly as, or in behalf of, or in the interest of an employer in relation to employees, including the state and any political subdivision thereof.
No case law interpreting the definition of employer in § 31-58(e) or § 31-71a(1), other than in the context of employee/independent contractor disputes, has come to the court's attention. Accordingly, an analysis of the statutory provisions is in order.
Under the definition of employer in § 31-71a(1), an employer is anyone "employing any person." Without more, the act of signing a worker's payroll check does not constitute employing a worker, nor does dispatching or supervising a worker. Even taken collectively, a person who performed all three of those functions is not "employing any person," unless other attributes of an employer are established; for example, ownership of the enterprise or authority to hire or fire. Therefore, the assertions of the Cavagnaro affidavit which can be considered on this motion are not sufficient to support a finding that the defendant was an employer under § 31-71a(1).
Under § 31-58(e), employer means someone "acting directly as, or in behalf of, or in the interest of an employer in relation to employees . . ." Construing that provision literally CT Page 1300 would require the conclusion that each person employed in a human resources department, each outside attorney representing an employer in labor matters and each independent counselling firm providing drug treatment to a firm's employees is an employer, because someone performing any of those roles would be "acting . . . in behalf of, or in the interest of an employer in relation to employees . . ." Because such a literal construction of § 31-38(a) would have silly consequences, and because a court is obliged to attempt to construe a statute in a meaningful way, it becomes appropriate to review other portions of Part I of Chapter 558 of the General Statutes (in which § 31-58[e] appears) in order to determine if there is a legislative scheme which permits a meaningful construction of the definition of employer contained in § 31-58(e).
§ 31-58(f) provides, in excerpted form:
 "`Employee' means any individual employed or permitted to work by an employer . . ."
§ 31-58(h) provides, in excerpted form:
"`Employ' means to employ or suffer to work . . ."
From the quoted definitions of "employee" and "employ", it can be seen that whoever suffers or permits another to work is an employer.
With that insight, one who acts "directly as, or in behalf of, or in the interest of an employer in relation to employees" is one who, acting as or on behalf of an employer, creates an employer-employee relationship by suffering or permitting another to work.
In this regard the Cavagnaro affidavit states that the defendant: 1) Signed some payroll checks, which is a task often performed by a clerk or an outside contractor, and does not constitute suffering or permitting another to work; and, 2) Issued assignments and instructions, which are functions of dispatchers and supervisors which do not constitute suffering or permitting another to work.
The assertions of the Cavagnaro affidavit are not sufficient to support a finding that the defendant was an employer under § 31-58(e). CT Page 1301
The conclusion that signing payroll checks and issuing assignments and instructions to employees do not make of one an employer is reinforced by an analysis of Parts I and II of Chapter 558 of the General Statutes, in which § 31-68 and § 31-71a(1) are, respectively, located.
Part I of Chapter 558 of the General Statutes is entitled "Minimum Wages," and it creates both civil and criminal liability for violations of its provisions. However, civil liability is imposed only on an employer, while criminal liability is imposed on an employer as well as on persons in other roles, as follows:
 § 31-69(a) imposes criminal sanctions on "any employer or his agent, or the officer or agent of any corporation" who retaliates against an employee for activities relative to a wage board;
 § 31-69(b) imposes criminal sanctions on "(a)ny employer or the officer or agent of any corporation who pays or agrees to pay to any employee less than the rates applicable to such employee under the provisions of this part or a minimum fair wage order;" and
 § 31-69(c) imposes criminal sanctions on "(a)ny employer, his officer or agent, or the officer or agent of any corporation, firm or partnership" who fails to keep required records.
Part II of Chapter 558 of the General Statutes is entitled "General Provisions," and it also creates both civil and criminal liability for violations of its provisions. Again, civil liability is imposed only on an "employer," while criminal liability is imposed on an employer as well as on persons in other roles by § 31-71g, as follows:
 "(A)ny employer or any officer or agent of an employer or any other person authorized by an employer to pay wages who violates any provisions of this part . . ."
By extending criminal liability to certain types of agents of employers, while limiting civil liability only to employers, the legislature made clear that it distinguishes between employers CT Page 1302 and employers' agents in regard to the payment of wages. Because the legislature was express in making agents criminally liable, the court concludes that civil liability should not be extended by implication to agents. Because the legislature did not expressly make employers' agents liable civilly, and because the Cavagnaro affidavit contains allegations which only establish that the defendant was an employer's agent, it is held, for the purposes of this motion, that the defendant was not an employer of the claimants.
The Commissioner argues that the assertions of the Cavagnaro affidavit, when taken together with whatever other evidence may be introduced at trial, may create an issue of fact as to whether the defendant was an employer. However, a motion for summary judgment must be decided, as provided in Section 384 of the Practice Book, on the basis of "the pleadings, affidavit and any other proof submitted . . ." Accordingly, the court can only consider what is now before it in deciding this motion.
Because the Cavagnaro affidavit does not state facts sufficient to support a finding that the defendant was an employer under § 31-68 or § 31-72, and because the Commissioner can only prevail if the defendant was an employer under one or both of those sections, the defendant is entitled to judgment as a matter of law.
Statute of Limitations Defense
The defendant has raised the two year limitation of §52-596 as a special defense to all claims asserted by the Commissioner which arose more than two years before November 20, 1995, the day a copy of the complaint in this case was served on her (see sheriff's return). § 52-596 provides:
 No action for the payment of remuneration for employment payable periodically shall be brought but within two years after the right of action accrues, except that this limitation shall be tolled upon the filing with the labor commissioner of a complaint of failure to pay wages pursuant to the provisions of chapter 558.
Nothing in the McIntosh affidavit bears on this special defense, and the defendant relies on the sheriff's return and the text of § 52-596 to support her statute of limitations defense. CT Page 1303
Those portions of the Cavagnaro affidavit which might bear on the § 52-596 defense are as follows:
 Thomas H. Johnson, Jr. ("Johnson") on October 28, 1993, filed a complaint . . . with the Department of Labor seeking assistance in obtaining payment of his overtime wages.
 Upon receipt of a wage complaint from an employee, the practice of the Department of Labor is not to limit its investigation to only the claims of the complaining employee, but to conduct a wholesale audit of the employer. If in its investigation, the Department of Labor discovers that other employees are also due and owed wages, such as in this case, then the Department of Labor asserts those wage claims, as well. If necessary, a lawsuit is brought to collect all the wage claims, not just the wage claim of complainant.
The defendant argues that the words "this limitation shall be tolled," as they appear in § 52-596, apply only to the claim of a person who files a complaint with the Commissioner, so that in this case the tolling applies only to the claim of Johnson and not to the claims of the other claimants. The Commissioner, on the other hand, argues that the tolling applies to both the claim of a person who files a complaint with the Commissioner as well as to the claims of all fellow employees of that person who did not file such a complaint. No case law addressing this issue has come to the court's attention.
In Lametta v. Connecticut Light Power Co., 139 Conn. 218
(1952), the plaintiff was a minor who claimed that he was entitled, by implication, to a tolling, until he attained his majority, of the then one-year statute of limitations governing actions for personal injuries. In rejecting the claim for an implied exception to the controlling statute of limitations, the court clearly articulated the major policies underlying statutes of limitations, as follows;
 [O]ne great object of statutes of limitations is `to prevent the unexpected enforcement of stale claims, concerning which persons interested have been thrown off their guard by want of prosecution.' `The Statute of Limitations is a statute of repose. At times, it may CT Page 1304 bar the assertion of a just claim. Then its application causes hardship. The legislature has found that such occasional hardship is outweighed by the advantage of outlawing stale claims.' The practical need for adopting these principles might well be vividly demonstrated if the plaintiff's contention were to prevail. To allow a one-year-old child, for example, to wait out his minority before asserting a claim for personal injuries would be to allow the enforcement, by reason of § 8324, of claims against persons truly thrown off guard by want of prosecution. Under such circumstances few, if any, witnesses for the defendant in all probability would be available at the time of trial or, if they were, could recollect what had transpired. That this consideration does not apply with equal force to causes of action as to which §§ 8313, 8314, 8315 and 8318 extend the period of limitation for minors may well account for the legislature's failure to provide for a similar extension in a tort action such as this case. It was with ample reason that the legislature decided as a matter of sound public policy to guard against the prosecution of such stale claims as would be possible under the exception claimed. This conclusion is confirmed by the fact that the one-year limitation applicable to personal injuries (§ 8324) was carved out of the general three-year limitation for actions founded upon tort (§ 8316). To hold that the exception claimed is to be implied would be violative of the public policy which the legislature has long recognized. (Citations omitted.)
Id. 221-22.
The Commissioner's position conflicts with the rationale expressed in Lametta in both of the following respects:
 The Commissioner's position asserts a tolling as to claimants other than Johnson which is not express in the language of § 52-596, but, rather, must be drawn by implication from that language, in the face of the Lametta court's clear disfavoring of implied tollings; and,
 Because the tolling provision of § 52-596 strikingly contains no end terminus for the tollings created by it, CT Page 1305 the implied tolling urged by the Commissioner would not be, as are most tollings, for the duration of some disability; i.e., a plaintiff's minority; but rather, it would be a perpetual tolling (the equivalent of a waiver), which contradicts the Lametta court's goal of discouraging the assertion of stale claims.
If the Commissioner's position that the tolling effect of § 52-596 applies to all fellow employees of a person who files a wage complaint with the Commissioner were adopted, then some extraordinary and presumably unintended scenarios are possible. For example, pursuant to both § 31-58(e) and § 31-71a(1), the State of Connecticut is an employer. According to the 1996 Connecticut State Register and Manual, as of January 31, 1995, the executive branch of our state government had 53,866 full-time positions. Under the Commissioner's argument, if a person holding any one of those positions filed a wage complaint with the Commissioner on January 31, 1995, then the wage claims of every other state employee which arose in the two years immediately preceding January 31, 1995 could be the subject of an action brought at any time in the future. Further, if such a claim filed with the Commissioner on January 31, 1995 were subsequently found by a court to be without merit[1], that determination would not prevent tens of thousand of state employees from bringing suit at any time in the future for wage claims which arose between February 1, 1993 and January 31, 1995, thereby creating all the stale claim problems described inLametta.
The legislature is constitutionally capable of creating a scheme containing such inconsistencies. However, it would be brash judicial activism for a court to construe § 52-596 in the way the Commissioner urges; that is, to find a perpetual tolling for unidentified claimants by implication (that is, without express legislative declaration).
As to whether the legislature intended such an implied construction, the legislative history of the tolling provision of § 52-596 does not support the Commissioner's position. That provision was added to § 52-596 by P.A. 80-182. That bill was adopted on the consent calendar by both the State Senate and House of Representatives without discussion of the issue raised by the Commissioner. However, at the public hearing on the bill before the Joint Committee on Labor and Public Employees on March 10, 1980, Sal Guzzardi, Director, Minimum Wage and Wage CT Page 1306 Enforcement of the Department of Labor, was the only person to speak on this bill. The relevant portion of Mr. Guzzardi's testimony follows:
 We're adding at the end of that Section 52-596 to indicate that the Statute of Limitations shall be told (sic) either upon the filing with the Labor Department of a complaint of failure to pay wages pursuant to provisions of Chapter 558, or by notification by the department to an employer or his agent that wages are due his present or former employee.
Certainly nothing in Mr. Guzzardi's testimony suggests that the filing of a claim by a single employee would, without more, constitute a perpetual repeal of the limitation of § 52-596
as to the claims of all fellow employees.
In the absence of case law supporting the Commissioner's position, and in light of the dramatic consequences which could follow the adoption of the Commissioner's construction of §52-596, it is held that the tolling provision of § 52-596
applies only to the claim of a person who files a complaint with the Commissioner, in this case, Johnson. Accordingly, the defendant is entitled to a partial summary judgment on her statute of limitations defense.
CONCLUSION
Summary judgment is granted to the defendant as follows;
1) As to all counts because the defendant is not an employer under § 31-68 or § 31-72; and
2) As to all amounts now being claimed by the Commissioner which are alleged to have became due prior to November 20, 1993, because those claims are barred by § 52-596.[2]
G. Levine, J.