NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

HAROLD EDWIN COOMBS, PETITIONER, v. NASH
REFRIGERATION CO., RESPONDENT.

Decided June 14, 1940.

For the petitioner, *Samuel L. Rothbard* (by *Henry Harris*).

For the respondent, *Francis X. Kenneally*.

A compensation petition was filed by the petitioner in the above entitled matter on September 25th, 1939, seeking reimbursement for medical expenses incurred by him in 1939, for the enucleation of the left eye required by reason of an accident that arose out of and in the course of his employment by the respondent on August 4th, 1934. The respondent denies liability on the ground that the petition was filed more than two years since the date of the last payment of compensation to the petitioner.

It appears from the pleadings and stipulation of counsel that the petitioner suffered a compensable accident on August 4th, 1934, for which he received one and two-sevenths weeks temporary compensation and 100 per cent. permanent disability of the left eye or an additional 100 weeks compensation, the last compensation payment being made in 1936. In

1939 the injured eye became infected so as to require removal and the substitution of an artificial eye.

The Workmen's Compensation act (*R. S.* 34:15-15; *N. J. S. A.* 34:15-15) imposes upon the respondent the duty of furnishing to the petitioner proper medical and surgical attention including the furnishing of an artificial eye to the petitioner. However, the Compensation act further provides (*R. S.* 34:15-51; *N. J. S. A.* 34:15-51) "that every claimant for compensation shall file a petition within two years after the date on which the accident occurred; or in case an agreement for compensation has been made by the employer and the claimant, then within two years after the failure of the employer to make payments pursuant to the terms of such agreement; or in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation." This section was construed to be one of jurisdiction rather than a statute of limitation. *Miller* v. *Beller Electric Co.,* 100 *N. J. Eq.* 444; 136 *Atl. Rep.* 342.

The petitioner contends that the two-year limitation applies only to petitions for compensation rather than for reimbursement of medical expenses. In the case of *Mellor* v. *Nicholson File Co.,* 7 *N. J. Mis. R.* 714, this bureau held that a claim for medical services must be filed within the period prescribed for the filing of petitions for compensation. While there is no apparent limitation prescribed for medical treatment under section 34:15-15 of the Workmen's Compensation act, still the subject-matter is so closely integrated with the remainder of the Workmen's Compensation act and its provisions are so complementary and so dependent thereon for proper disposition that it seems rational that the two-year limitation period should apply to medical treatment as well as to petitions for compensation.

It is interesting to note that the statute establishing the so-called "one per cent. fund" as originally enacted, contained no words of expressed limitation as to the time for application for benefits. Nevertheless in the case of *Ruffin* v. *Albright,* 121 *N. J. L.* 424; 3 *Atl. Rep.* (2d) 135, the Supreme Court held "there is in the statute no words of

express limitation as to the time for application for benefits. We think, however, it must be at the time application could be made for compensation for the last accident sustained, or for increased disability therefrom." The same reasoning can be applied to the case *sub judice*.

It is clear and undisputed that the said petition has been filed two years after the date of the accident; that this is not a case where an agreement for compensation has been made between the employer and the claimant, and that the employer has failed within two years to make payment pursuant to the terms of such agreement; that the last payment of compensation has been paid more than two years prior to the filing of the petition in this cause.

I therefore determine that this bureau is without jurisdiction to entertain a petition for medical costs beyond the two-year limitation period and I therefore order that the petition be dismissed.

<div align="right">

HARRY S. MEDINETS,
*Deputy Commissioner.*