43 N.J. Super. 301 (1957)
128 A.2d 727
HENRIETTA HOWARD, BY HER GUARDIAN AD LITEM, RALPH O. HOWARD, PETITIONER-RESPONDENT,
v.
HARWOOD'S RESTAURANT CO., A NEW JERSEY CORPORATION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 21, 1956.
Decided January 16, 1957.
Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Louis C. Jacobson argued the cause for the respondent.
Mr. Marshall Crowley argued the cause for the appellant (Messrs. Toner, Crowley, Woelper & Vanderbilt, attorneys; Mr. Herman D. Michels, on the brief).
*302 PER CURIAM.
The judgment in favor of the petitioner is affirmed for the reasons stated for the County Court by Judge Gaulkin whose opinion appears in 40 N.J. Super. 564 (Cty. Ct. 1956).
In addition to the matters stated there, it may be noted that the ordinary employer has the right of delectus personae. He selects and engages the employees; he places them for the performance of his work in the various departments or locations and he arranges the contact or association the employees have with each other during the course of the work, either expressly or as the result of the natural requirements of the operation. In the usual case, the employee has no choice as to his fellow employees or the nature or proximity of their contact with him. Such matters are regulated by the employer or by the demands of his business. Thus it may be said that a workman's fellow employees with all their idiosyncrasies and weaknesses, physical and mental, are a condition of the employment.
If an employee becomes ill while operating a machine or a delivery truck in the course of his employment and as a result loses control thereof and injures a fellow employee working alongside of him or acting as helper on the truck, can there be any doubt about the compensability of resulting injuries? If the same employee becomes sick mentally, suffers a sudden, unexplainable, insane delusion over which he has no control, and injures his fellow worker because of a compulsive impulse produced by the insanity, there would appear to be no rational basis for distinguishing between the two claims from the standpoint of compensability. Insanity is a condition which must be recognized as an incident of everyday life; it can erupt into irrational and purposeless violence at any time during the working day. An employee who is injured in the course of his work by the insane act of a fellow worker, in our judgment, clearly sustains an injury which arises out of the employment.
Affirmed.