ALFRED KANE, INDIVIDUALLY AND AS ADMINISTRATOR *AD PROSEQUENDUM* AND GENERAL ADMINISTRATOR FOR THE ESTATE OF GLORIA KANE, PLAINTIFF-APPELLANT, v. DUROTEST CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued May 7, 1962—Decided June 25, 1962.

*Mr. Ira J. Zarin* argued the cause for plaintiff-appellant (*Messrs. Zarin & Yormark,* attorneys; *Mr. Sheldon A. Weiss,* on the brief).

*Mr. William T. McElroy* argued the cause for defendant-respondent (*Messrs. Shaw, Pindar, McElroy, Connell & Foley,* attorneys).

The opinion of the court was delivered by

FRANCIS, J. This common law action was brought by plaintiff individually and as general administrator and administrator *ad prosequendum* of the estate of his deceased wife, Gloria Kane, to recover damages against her former employer, Durotest Corporation, for its negligence in exposing her to beryllium poisoning during the course of her employment. After the pleadings were complete and pretrial conference had, defendant moved for judgment on the ground that the cause of action, if any, is governed by the Workmen's Compensation Act, *R. S.* 34:15–7 *et seq.,* and the jurisdiction to entertain such action is in the Workmen's Compensation Division. The trial court granted the motion and plaintiff appealed from the adverse judgment. We certified the appeal before it was argued in the Appellate Division.

The decedent, Gloria Kane, was employed by defendant at its manufacturing plant in North Bergen, New Jersey, from May 1946 to June 1950, except for a short interval in November and December 1947. During the course of her work she was exposed to highly toxic beryllium com-

pounds, the fumes and dust of which are capable of producing a pulmonary disease known as beryllium poisoning. In January 1958, seven and one-half years after leaving Durotest's employ, the disease first manifested itself in her. She died therefrom in January 1959, at the age of 34 years, leaving surviving her husband and three children. These proceedings were initiated within one year after the first known appearance of the disease.

When Mrs. Kane was first employed by Durotest, beryllium poisoning was not a compensable occupational disease under the Workmen's Compensation Act. But by amendment effective January 1, 1950, it was drawn within the coverage, and jurisdiction to grant pecuniary benefits became vested in the Workmen's Compensation Division. *L.* 1949, *c.* 29; *N. J. S. A.* 34:15–31. Thus, it is indisputable that six months before Mrs. Kane left defendant's employ the rather uncertain remedy for such an occupational disease was taken from the common law courts and the more certain protection of the Compensation Act substituted.

There can be no doubt that an employee, who was exposed to beryllium at work after January 1950 and whose symptoms of the disease appeared thereafter, became entitled to workmen's compensation. It is clear also that such remedy was to be had exclusively in the Workmen's Compensation Division. *Biglioli v. Durotest Corp.,* 44 *N. J. Super.* 93 (*App. Div.* 1957), affirmed 26 *N. J.* 33 (1958).

Apparently it was recognized that the proper recourse was under the statute because a petition for compensation was filed in the Division in the lifetime of Mrs. Kane and within a year after January 1958, when the berylliosis first revealed itself. In July 1959, on motion of Durotest, a dismissal was ordered because the proceeding was not brought within the time limitation imposed by *N. J. S. A.* 34:15–34, which provides:

"All claims for compensation for compensable occupational disease shall be barred unless a petition is filed * * * within two years

after the date on which the employee ceased to be exposed in the course of employment with the employer to such occupational disease \* \* \*, or within one year after the employee knew or ought to have known the nature of his disability and its relation to his employment, whichever period is later in duration. \* \* \*

Notwithstanding any provision of this section hereinabove set forth, all claims for compensation for compensable occupational disease hereunder shall be forever barred unless a petition is filed \* \* \*, within five years after the date on which the employee ceased to be exposed in the course of employment with the employer to such occupational disease; \* \* \*."

Since Mrs. Kane's last employment exposure to beryllium was in June 1950, the five-year period had long since expired when her petition was filed. No appeal was taken from the judgment of dismissal.

Plaintiff contends that the common law action is maintainable because, since the disease did not manifest itself until more than five years after decedent's last employment contact with the poisonous dust and fumes, the Workmen's Compensation Act provided no remedy for her. Therefore, the argument proceeds, no statutory action having been substituted for her type of case, the common law remedy should be deemed to continue to exist. And plaintiff claims further that neither the two-year limitation period for the bringing of law actions for personal injuries, *N. J. S.* 2A:14–2, or death, *N. J. S.* 2A:31–3, nor the five-year period referred to above should be applied because the defendant fraudulently induced Mrs. Kane to enter its employ and to continue therein for over four years knowing that she would be exposed to berylliosis, and fraudulently withheld information from her during that period and at the time she left its employ, of her dangerous exposure and the possibility that she would contract or had contracted berylliosis or that the disease would develop in her over a period of time thereafter. But the argument has a basic flaw. At the time decedent ceased working for Durotest, she no longer had a common law action for beryllium poisoning; the workmen's compensation remedy

had been substituted by the Legislature, not as an additional or alternative remedy but as an exclusive one. *N. J. S. A.* 34:15–8; *Biglioli v. Durotest Corp., supra,* 26 *N. J.,* at *pp.* 39–40; *Estelle v. Board of Education of Red Bank,* 14 *N. J.* 256, 259 (1954); *Danek v. Hommer,* 9 *N. J.* 56 (1952).

It must be assumed the Legislature was aware that some occupational diseases come into existence and reveal their symptoms soon after exposure to the cause thereof in the employment environment, and that others do not manifest themselves until years after the last such exposure. When the lawmakers decided to establish the workmen's compensation remedy, and to prescribe the time within which the statutory proceeding should be instituted, it is reasonable to assume they considered the variant periods after last exposure within which the diseases were known to manifest themselves. A decision was reached to fix five years after last employment exposure as the ultimate limit for the bringing of the action. That determination was within the legislative province and must be accepted by the judiciary. More specifically, for purposes of this case, the conclusion to be drawn is that when compensation benefits for occupational diseases, including berylliosis, were authorized and brought within the substantive and administrative scheme of the Workmen's Compensation Act, that remedy, with its advantages and its qualifications, was exclusive and in lieu of the former common law right. The legislative action must be considered as occupying and pre-empting the field; all other remedies were thereby abrogated. *Danek v. Hommer, supra; Gregutis v. Waclark Wire Works,* 86 *N. J. L.* 610 (*E. & A.* 1914); *Patterson v. Sears-Roebuck & Co.,* 196 *F. 2d* 947 (5 *Cir.* 1952); *Cifolo v. General Electric Co.,* 305 *N. Y.* 209, 112 *N. E. 2d* 197 (*Ct. App.* 1953). If the five-year limitation for prosecution of the compensation action occasionally operates harshly and lengthening of the period is considered desirable, the appeal for such change must be to the Legislature.

Having concluded that the Workmen's Compensation Division was the sole haven for plaintiff, and that no basis appears for retaining the suit in the Superior Court, *cf.* 2 *Larson, Workmen's Compensation Law* (1961) §§ 68.00–68.23, the trial judge's order of dismissal must be sustained.

As we have said, no appeal was taken from the dismissal of the workmen's compensation action. The record does not show whether a charge was made therein that fraud on the part of the employer was responsible for the failure to file the petition within the required five-year period. The effect of such fraud, if it existed, was discussed at some length on oral argument of this case. But the issue is not properly before us at this time, and decision thereon is expressly reserved.

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.