ARTHUR SA, Jr., PETITIONER-APPELLANT, v. H. L. HAR-
RISON & SON, INC., RESPONDENT-RESPONDENT.

Argued May 21, 1962—Decided July 18, 1962.

*Mr. Edward G. Gerardo* argued the cause for petitioner-appellant.

*Mr. Frank Fink* argued the cause for respondent (*Mr. James J. Carroll,* attorney; *Mr. Fink,* of counsel and on the brief).

The opinion of the court was delivered by

HALL, J.   The principal question presented in this workmen's compensation appeal is whether a compensation judgment fixing permanent disability compensation should further direct that the employer furnish the employee, using the language of the petitioner, "medical, surgical and other treatment, and hospital service, after the disability is fixed, and after the expiration of the statutory period of limitations, if the condition [of the injured part of the body] resulting from the accident requires such  *  *  *  treatment and  *  *  *  service at a future date."

The issue arises in this factual setting: Petitioner suffered a compensable injury on November 16, 1953 when in the ordinary course of his employment a piece of lead entered his right eye and became embedded in the cornea. On April 11, 1955 the Division of Workmen's Compensation awarded him partial permanent disability compensation

amounting to 10 percent of the eye and 2 percent of total for neurological disability. In 1957 he filed a petition alleging increased disability and was awarded an additional 5 percent of the eye but was denied further neurological disability. On October 15, 1959, just two days before expiration of the two-year limitation on petitions for increased disability, *N. J. S. A.* 34:15-27, Sa again filed a petition in the Division claiming increased disability. He sought only additional pecuniary benefits and did not assert a claim to further medical or surgical services. After a formal hearing at which the testimony of two opthalmologists and a third physician was taken, the petition was dismissed, the order stating that "the petitioner has failed to prove by the preponderance of the evidence that there has been any increase in his disability since the last hearing." An appeal was taken to the County Court and the question now before us was first raised on the argument there.

The foreign particle has never been removed from the eye for fear that removal may further impair or destroy the vision. None of Sa's three compensation petitions asked for an order directing that the employer furnish such service should it become necessary at any time in the future. The matter was only obliquely reached during the hearing on the second petition for increased disability compensation. (It is of no significance that the question comes up on such a proceeding; the issue would be the same if raised on an original proceeding for compensation.) The medical testimony was quite clear that, physiologically, the condition of the eye had been static since the 1957 award. Petitioner's claim of alleged increased disability was based largely on subjective complaints. He also sought to show, on cross-examination of the employer's physician witnesses, that the foreign body might have to be removed at some indefinite future time for some presently unknown reason. The purpose apparently was to urge a finding of and pecuniary allowance for increased disability based on prospective necessary medical treatment, as in personal injury actions at law.

Such a thesis is, however, contrary to the fundamental theory of workmen's compensation.

One witness replied that he did not think the particle would ever have to be removed because it had remained inert for seven years and would probably never become active. The petitioner's attorney expressed acceptance of this opinion. The doctor went on to say that he was medically certain there would be no infection or further deterioration. The employer's other medical witness spoke to the same effect in his testimony. There was no contrary testimony and the Deputy Director in his findings agreed with the opinions just recited.

When the instant question was presented to the County Court, it was in the context of these proofs. Petitioner's contention therefore has come down to the bald proposition that an employee is entitled to a broad protective order directing medical treatment and the like at any time in the future in any case, even where all the present medical testimony indicates no likelihood of any prospective necessity for it.

The County Court affirmed the judgment of the Division, agreeing with the finding that there had been no increased disability and declining to accede to petitioner's contention with respect to prospective medical services. The Appellate Division affirmed the County Court on both aspects. We granted petitioner's application for certification, 36 N. J. 303 (1962), directing that counsel put "special emphasis on the question of the effect of the statutory period of limitations on the right to future medical aid."

Since petitioner has also urged here reversal of the finding that there had been no increase in disability, we should first say that our review of the record assures us that this medical fact conclusion, concurred in by all three tribunals below, is the correct one.

Proceeding to the principal question, note should be made of the medical treatment provision in the compensation statute. R. S. 34:15–15 reads in pertinent part:

"The employer shall furnish to the injured workman such medical, surgical and other treatment, and hospital service as shall be necessary to cure and relieve the workman of the effects of the injury and to restore the functions of the injured member or organ where such restoration is possible * * *."

It is well established law by judicial construction of the whole compensation act that the furnishing of medical treatment is in the nature of compensation and constitutes a part "payment" thereof. *Oldfield v. New Jersey Realty Co.,* 1 *N. J.* 63 (1948). Consequently the limitation periods prescribed by the statute, *R. S.* 34:15–51, 34:15–27, and 34:15–41, barring claims for compensation unless a proceeding is commenced within, *inter alia,* two years after the occurrence of the accident or two years after the last payment of compensation, apply to petitions under *R. S.* 34:15–15 to compel the furnishing of medical or surgical services. *Coombs v. Nash Refrigeration Co.,* 18 *N. J. Misc.* 421, 14 *A.* 2d 44 (*Dept. Labor* 1940). *Cf. Oldfield v. New Jersey Realty Co., supra; Sampson v. Thornton,* 8 *N. J.* 415 (1952); *Schwarz v. Federal Shipbuilding and Dry Dock Co.,* 16 *N. J.* 243 (1954); *DeAsio v. City of Bayonne,* 62 *N. J. Super.* 232 (*App. Div.* 1960), certif. den. 33 *N. J.* 386 (1960). That this judicial interpretation clearly comports with the legislative intent is evidenced by the 1945 amendment of *R. S.* 34:15–16 (*L.* 1945, *c.* 74, § 8). There the Legislature provided a means whereby an employer might voluntarily furnish medical and other similar treatment after the final payment of permanent disability compensation without starting the two-year period running anew. The underlying thesis was, of course, that the employer could not be compelled to furnish such treatment after the period had expired.

Thus the obvious reason for petitioner's desire to obtain a blanket protective order for medical services *in futuro* is to avoid in advance possible application of the statutory limitation provisions and the result which befell the petitioner in *Coombs.* The petitioner there had suffered

an eye injury resulting in total loss of vision for which he was paid permanent disability compensation. Some three years after the last payment, the eye became infected, requiring enucleation and an artificial substitute. His petition seeking reimbursement for the medical and other expenses thereof had to be dismissed because not brought within two years of the last payment of compensation.

Petitioner's apprehension of a similar predicament is natural and understandable, even though the medical evidence in his case is entirely negative as to any such possibility. But to grant the relief he seeks would fly directly in the face of the basic statutory limitations freeing employers from all compensation obligations for specific injuries once two years have passed from the date of the accident or the last payment of compensation, whichever is the later. This court has only recently noted that the ultimate limit for the prosecution of compensation claims is within the legislative province and as such must be accepted by the judiciary. *Kane v. Durotest Corp.,* 37 *N. J.* 552 (1962). Our statute gives to the Division a relatively narrow authority to deal with an employee's changing medical condition. Two years from the date of final payment has been selected by our Legislature as the time within which a medical need or a deteriorating condition must manifest itself in order that the employee may require compensation by his employer for that changed condition either by way of money benefits or medical services. The Legislature no doubt was aware of the administrative and practical difficulties that attend a wide power to continuously reopen cases to accommodate any claimant whose physical condition may change. See 2 *Larson, Workmen's Compensation Law* § 81.10 (1952). An order with respect to medical treatment or expenses that might possibly become necessary at some date far in the future would clearly violate the balance struck by our Legislature in establishing the limitation periods.

This problem of possible medical needs in the future is, of course, not an unusual one in the compensation field, and other state legislatures have devised any number of techniques to provide for such contingencies. 2 *Larson, supra,* §§ 61.00–61.20; 81.00–81.53. New York, for example, maintains a special fund to cover claims for medical treatment brought more than seven years after the date of injury and more than three years after the last compensation payment. *New York Workmen's Compensation Law,* § 25–a. And apart from the special fund, the New York board maintains continuing jurisdiction over each case decided by it, with the potential liability of the fund expiring only after eighteen years from the date of injury and eight years from the date of the last compensation payment. *Id.* § 123. Any remedy in New Jersey will similarly have to come from the Legislature.

Petitioner is not aided by his attempted reliance on *Howard v. Harwood's Restaurant Co.,* 40 *N. J. Super.* 564 (*Cty. Ct.* 1956), affirmed 43 *N. J. Super.* 301 (*App. Div.* 1957), affirmed 25 *N. J.* 72 (1957) and *Fierro v. Public Service Coordinated Transport,* 44 *N. J. Super.* 73 (*Cty. Ct.* 1957). In those cases the basic issue was whether the statute required the employer to furnish palliative, as distinct from curative, treatment and services where the disability was total and permanent and there was no possibility of a cure. Statutory coverage was found but, although future furnishing of such services was ordered, no question of the limitation period was involved. Both employees were receiving pecuniary compensation benefits, and the proofs were that such would necessarily continue for the rest of their lives and that the palliative treatment would also be needed for the same period.

What we have said should not be understood to mean that there may not be cases where an order for future medical services would be statutorily justifiable even though it might turn out that such services would in fact be furnished after the limitation period expired. We refer to situations where,

in a proceeding brought within time and the issue is tried out, the medical proofs are such that the compensation judge may then decide, with reasonable medical certainty, that the service will be necessary at some future time although it cannot presently be determined exactly when that time will arrive. A couple of examples suggest themselves. One is the case of an employee who suffers the loss of a leg and the employer is required to furnish an artificial limb pursuant to *R. S.* 34:15–15. It is, of course, evident that the prosthetic appliance will wear out in time and have to be replaced. The employer may justifiably be ordered on the occasion of the original permanent disability compensation award to furnish new limbs at any times in the future when required. Again, suppose a burn case where the proofs show that several future plastic surgical operations will be required although the exact time cannot be presently determined. Here, too, a judgment could properly order them to be furnished by the employer when the time becomes medically appropriate. But the present case does not come close to the standard of future need suggested by the above examples.

The judgment of the Appellate Division is affirmed. No costs.

JACOBS, J. (dissenting). In 1953 the petitioner suffered a compensable accident while at work. A piece of lead entered his eye and it has never been removed because the doctors consider it too dangerous to do so. In 1955 he was awarded partial permanent disability compensation amounting to $780 and when his eye worsened he was awarded $225 additional compensation in 1957. In due time he filed a petition for further compensation claiming that the condition of his eye had deteriorated since the 1957 award. He testified that his eye is getting worse, that it aches and becomes red, and that he is afraid of losing his vision entirely. The respondent's doctors testified that from the medical viewpoint the petitioner's eye had not worsened

since the 1957 award. They also expressed the opinion that it would not worsen in the future. But they cannot be certain and the petitioner is apparently convinced that it is worsening, and that further attention will be needed. He believes that in such eventuality the respondent should fairly be obliged to pay the necessary medical, surgical and hospital expenditures and requests a judicial direction to that end. It seems to me that under the compelling circumstances presented, he is entitled at least to such restricted measure of protection. *Cf. R. S.* 34:15–15; *Howard v. Harwood's Restaurant Co.,* 40 *N. J. Super.* 564, 573 (*Essex Cty. Ct.* 1956), affirmed 43 *N. J. Super.* 301 (*App. Div.* 1957), aff'd 25 *N. J.* 72 (1957).

The petitioner's proceeding was instituted by him within the two-year period referred to in *N. J. S. A.* 34:15–27 and the granting of the relief he seeks would further the broad objectives of the Workmen's Compensation Act. The majority opinion apparently acknowledges that under appropriate circumstances there is statutory basis for the entry of an order for the payment of medical and related disbursements which may be incurred well after the expiration of the two-year period. However, it takes the position that the granting of such relief in the ordinary case would unduly entail administrative and practical difficulties and would run counter to the purposes underlying the basic statutory limitation in the act. Assuming all of this, I do not find this case to be the ordinary case. *Cf. Fernandi v. Strully,* 35 *N. J.* 434 (1961). The petitioner admittedly has a foreign object in his eye as the result of an industrial accident. He is naturally sensitive to it, is constantly aware of its presence, and is convinced that further treatment will be required. It is entirely likely that his concern and the symptomatic effects will continue and that he will, at the very least, be subjected from time to time to the costs of medical soothing agents. In the light of these special circumstances and the very strong considerations of justice supporting the petitioner's limited request, the counter arguments would appear

to fade into insignificance. *Cf. Howard v. Harwood's Restaurant Co., supra.*

Procedurally, the handling of the matter presents no difficulty. The Division's order could readily be modified to embody a suitable provision dealing with such medical, surgical and hospital expenditures as may become necessary in the future and expressly reserving jurisdiction to entertain proceedings thereunder. The courts of our State have a discretionary power to reserve jurisdiction where the true interests of justice so dictate and comparable authority in the Division may be recognized within the broad principles expressed in *Air-Way Branches, Inc. v. Board of Review,* 10 *N. J.* 609, 614 (1952). See *Estelle v. Board of Education of Red Bank,* 14 *N. J.* 256, 261 (1954); *Stone v. Dugan Brothers of New Jersey,* 1 *N. J. Super.* 13, 17 (*App. Div.* 1948); but see *Diehl v. New Jersey Power & Light Co.,* 4 *N. J. Super.* 175, 177 (*App. Div.* 1949). *Cf. In re Hunnewell,* 220 *Mass.* 351, 353, 107 *N. E.* 934, 935 (1915), where the Supreme Judicial Court of Massachusetts, in dealing with a compensation order embodying a particular reservation of jurisdiction, had this to say:

"There is nothing in the words of our act which prevents the Board from pursuing this course. The procedure should be flexible and adapted to the direct accomplishment of the aim of the act, with as little formality or hampering restriction as is consistent with the preservation of the real rights of the parties and the doing of justice according to terms of the act. It is within the power of the Board to decide that for a time compensation shall be suspended but not ended, with reservation of leave to the employe to apply for further payments under the act, provided this course in its opinion is required by the facts."

I vote to modify the judgment below in conformity with the views expressed in the foregoing dissenting opinion. Justice SCHETTINO joins me.

*For affirmance*—Chief Justice WEINTRAUB, and Justices FRANCIS, PROCTOR, HALL and HANEMAN—5.

*For modification*—Justices JACOBS and SCHETTINO—2.