PER CURIAM.
Petitioner, William IT. Platzer, filed a claim with the Florida Industrial Commission to determine whether or not he was entitled to medical treatment “for the rest of his life or as long as qualified doctors continue to indicate that he needs it.” The deputy commissioner found that if the reports in the commission’s file had been placed into evidence, there would be competent substantial evidence upon which a factual finding that the claimant would need lifetime medical treatment in the nature of dilation of his urethra, anti-infection prescriptions and possible treatment for prosta-titis, could be made, but the deputy commissioner denied Platzer’s claim on the ground that such an order would be tantamount to tolling the statute of limitations, § 440.13(3) (b), Florida Statutes, F.S.A., in favor of the petitioner. On appeal the full commission affirmed the order of the deputy commissioner.
The question for our determination is whether or not § 440.13(3) (b), Florida Statutes, F.S.A., authorizes the deputy commissioner to enter an order providing medical treatment for an “indefinite” period of time for a claimant under circumstances shown in this case.
The answer to the question turns upon the interpretation of § 440.13, Florida Statutes, F.S.A., which governs the furnishing of medical services and supplies to an injured claimant. Section 440.13(3) (b) provides :
“All rights for remedial attention under this section including the right of the industrial commission to order additional treatment in excess of one thousand dollars, shall be barred unless a claim therefor is filed or the commission acts on its own initiative within two years after the date of the last remedial treatment furnished by the employer, or after the date of the last payment of compensation.” (Emphasis supplied)
Careful consideration of § 440.13(3) (b), together with other pertinent provisions of § 440.13, particularly § 440.13(1), drives us to a conclusion that when it is shown that the claimant’s need for remedial attention will continue for a long and indefinite period of time, the statutory language lends, itself to a construction which permits the claimant to file a claim and secure an order, requiring the employer to “ * * * furnish to the employee such remedial treatment, care, and attendance under the direction and supervision of a qualified physician or surgeon, or other recognized practitioner, nurse or hospital, and for such period, as the nature of the injury or the process of recovery may require * * [F.S. § 440.13(1), F.S.A.]
*509 Such an interpretation protects the claimant from his own inadvertence without placing any substantial additional burden upon the commission or the employer-carrier. Finally, such a construction gives effect to the rule that if the act permits divergent interpretation, one favorable to the employee and the others unfavorable, the interpretation more favorable to the employee will be adopted. Wick Roofing Co. v. Curtis, Fla.1959, 110 So.2d 385.
This holding is in keeping with our decision in Fort v. Hood’s Dairy, Inc., et al., 1962, 143 So.2d 13, wherein we discussed this very point and established certain guide-lines to aid the deputy in forming a proper order in appropriate cases.
For the reasons stated in Fort v. Hood’s Dairy, supra, the petition for writ of cer-tiorari is hereby granted, the order of the commission is quashed, and the cause is remanded for further proceedings consistent with this opinion.
ROBERTS, C. J., and TERRELL, DREW and O’CONNELL, JJ., concur.
THOMAS, J., dissents.