TERRELL, Justice.
Petitioner was injured October 7, 1955. Claim was filed with the deputy commissioner ; it was heard by him and on September 12, 1958, his order was entered in which he found that petitioner reached maximum medical improvement April 16, 1958, with 15% permanent partial disability of the body as a whole. The deputy awarded petitioner compensation in the form of temporary total disability and permanent partial disability. In addition, his order of September 12, 1958, directed that the employer pay
“3. All medical expenses which the claimant has incurred or may incur, as the result of the injury on October 7, 1955.”
Pursuant to the order of the deputy commissioner, respondent-carrier commenced weekly compensation payments to peti *480 tioner; the last check in payment of permanent partial disability was dated April 22, 1959. Said check was cashed by petitioner on or before April 29, 1959, as per bank stamp of Citizens Bank of Perry, the last named date.
The record reveals that petitioner received no medical treatment for his injury during a considerable length of time subsequent to April 16, 1958. Additional medical treatment was sought by petitioner on or before December 20, 1960, when petitioner secured treatment for reactivation of the original injury. The respondent refused to pay the medical costs incurred by the petitioner in the latter part of 1960 on the ground the statute of limitations, § 440.13, Florida Statutes, F.S.A., barred such claim.
May 3, 1961, petition for modification of the previous order alleging change in condition was filed. May 30, 1961, prior to hearing on petition for modification of the order, respondents moved to dismiss the petition on the ground that the statute of limitations had run. since the claim was not filed within two years from the last payment of compensation or the furnishing of remedial treatment to petitioner by respondent.
At the hearing on the latter motion, the deputy commissioner entered an order holding that the statute of limitations had run and denied petitioner’s claim for additional compensation, but, treating the petition for modification as a petition for compensation and medical to which petitioner may be entitled, he ordered the respondents to reimburse claimant for drug bills, medical travel expenses and doctors’ bills. As stated by the deputy,
“It is clear under Section 440.13(1), Florida Statutes, and the prior order that the carrier had a legal responsibility to furnish or pay any medical treatment which the claimant incurred .as a result of his original injury.”
On review of the order of the deputy commissioner by the full commission, the latter, by order dated December 29, 1961, reversed the deputy’s order and dismissed petitioner’s claim for additional benefits. In reaching this conclusion the full commission agreed with the deputy that the petition for modification, in so far as it pertains to compensation, is barred by the statute of limitations provision of § 440.28, Florida Statutes, F.S.A., because the petition for modification was filed more than two years after the date of last payment of compensation.
Referring to the remedial medical treatment aspect of the deputy’s order, the full commission in reversing said order stated:
“If we treat the petition for modification as a claim for further remedial treatment, this would also be barred because it was not filed within two years following the date of the last remedial treatment furnished by the employer or the last payment of compensation.”
With respect to the question of remedial medical treatment, we are convinced the full commission’s decision is based upon an erroneous application of § 440.13, Florida Statutes, and that the deputy’s order represents a correct disposition of this aspect of the petitioner’s claim.
The deputy’s order of September 12, 1958, requiring payment of all medical expenses which the claimant “has incurred or may incur” as the result of his injury, is supported by our recent decisions in Fort v. Hood’s Dairy, Inc., Fla.1962, 143 So.2d 13, and Platzer v. Burger, Fla.1962, 144 So.2d 507. In said decisions we carefully considered § 440.13(3) (b), Florida Statutes, F.S.A., and concluded that it is within the deputy’s power to enter an order requiring the employer to “ * * * furnish to the employee such remedial treatment, care, and attendance under the direction and su *481 pervision of a qualified, physician or surgeon, or other recognized practitioner, nurse or hospital, and for such a period, as the nature of the injury or the process of recovery rnay require * * [F.S. § 440.13(1), F.S.A.]
Although the deputy’s order of September 12, 1958, did not track the language of § 440.13, Florida Statutes, F.S.A., with precision, we think it was a substantial compliance with said statute. As we indicated in Fort v. Hood’s Dairy, Inc., supra,
“In entering judgment for the balance of his [employee’s] life the deputy commissioner may have been unfortunate in his choice of terminology or he may have indulged a sample of what the semanticists elect to call the ‘tyranny of words’; or at least it would have been more appropriate for the judgment to follow the terms of the statute — ‘for such period as the nature of the injury or the process of recovery may require.’ ”
Reading the full commission’s order it is not clear that our interpretation of the statute of limitations as applied to petitioner’s claim for remedial medical treatment disposes of all the issues which were presented to the full commission and which may govern this case. We feel, however, that what we have said will place the cause in proper focus.
The order of the full commission is accordingly quashed and the cause is remanded for further proceedings consistent with this opinion.
DREW, HOBSON (Ret.) and SEB-RING (Ret.), JJ., concur.
THOMAS, J., dissents.