MARY OLEYAR, PLAINTIFF-APPELLANT, v. SWIFT
& COMPANY, RESPONDENT-RESPONDENT.

Argued February 19, 1968—Decided May 6, 1968.

*Mr. Seymour B. Jacobs* argued the cause for the appellant (*Messrs. Balk, Jacobs, Goldberger & Mandell,* attorneys).

*Mr. Isidor Kalisch* argued the cause for the respondent (*Mr. John F. Corridon,* attorney).

Per Curiam. In December 1962 or February 1963 the plaintiff's husband Michael J. Oleyar slipped and fell while at work at the premises of his employer Swift & Company. He died on December 24, 1963 without having made any claim under the Workmen's Compensation Act. Similarly his widow Mary Oleyar made no claim until a petition on her behalf was filed on June 28, 1965. Her petition was dismissed in the Division of Workmen's Compensation on the ground that it was "filed out of time." The dismissal was affirmed in the County Court and in the Appellate Division. We granted certification. 50 *N. J.* 405 (1967).

R. S. 34:15–51 provides in pertinent part that every claimant for compensation shall file a petition "within two years after the date on which the accident occurred." More than two years went by after the decedent had suffered his accident without any compensation or any claim therefor; under a settled line of cases in our State, that lapse of time effectively barred not only any claim on the decedent's behalf but also any claim by his dependents. See *Lusczy v. Seaboard By-Products Co.,* 101 *N. J. L.* 170, 172 (*E. & A.* 1925); *Valentine v. Walter Kidde & Co.,* 136 *N. J. L.* 292, 293 (*Sup. Ct.* 1947); *Schwarz v. Federal Shipbuilding and Dry Dock Co.,* 16 *N. J.* 243, 251 (1954), affirming 29 *N. J. Super.* 374, 382 (*App. Div.* 1954). Reliance is sought to be placed by the appellant on *McAllister v. Bd. of Ed., Town of Kearny,* 42 *N. J.* 56 (1964), but there no issue relating to timeliness was raised or determined; we did view the dependency claim as an independent one but that was also the view in the earlier cases which barred dependency petitions where, as here, no claims whatever had been asserted within two years of the date of the accident. See *Lusczy v. Seaboard By-Products Co., supra,* 101 *N. J. L.,* at *p.* 173; see also *Eckert v. New Jersey State Highway Department,* 1 *N. J.* 474, 480 (1949); *Kozielec v. Mack Manufacturing Corp.,* 29 *N. J. Super.* 272, 278 (*Cty. Ct.* 1953).

[2] The appellant, citing 2 *Larson's Workmen's Compensation Law* § 78.61 (1961), stresses the harsh effects of our

precedents and urges that they be overruled so that a dependency claim would not be barred until two years after the employee's death. But the matter is basically legislative (*Schwarz v. Federal Shipbuilding and Dry Dock Co., supra,* 16 *N. J.,* at *pp.* 250–51) and alleviation should come from that branch of government. See *Kane v. Durotest Corp.,* 37 *N. J.* 552, 556 (1962). A bill designed to aid dependents by allowing them to file a petition within 1 year after the death of the employee was introduced in the New Jersey Assembly but for some reason or other failed to emerge from Committee. It may be noted that, even under that bill, the appellant would not succeed since after the death of her husband she permitted well over a year to elapse before the filing of her compensation petition.

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, HALL and SCHETTINO—5.

*For reversal*—None.