155 N.J. Super. 504 (1978)
382 A.2d 1167
PHYLLIS K. BARR, PETITIONER-APPELLANT,
v.
PASCACK VALLEY HOSPITAL, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 13, 1977.
Decided January 11, 1978.
*505 Before Judges HALPERN, LARNER and KING.
Mr. Joseph C. Amberg argued the cause for appellant (Messrs. Gelman & Gelman, attorneys; Mr. Michael S. Scarola, of counsel).
Mr. Alfred Arnold argued the cause for respondent (Messrs. Galvin & Arnold, attorneys; Mr. Eugene G. Galvin on the brief).
The opinion of the court was delivered by LARNER, J.A.D.
The Division of Workers' Compensation denied petitioner's application for additional medical care and temporary disability on the ground that the same was filed more than two years after the last payment of compensation. N.J.S.A. 34:15-51. It is undisputed that the last payment of compensation, which was in the form of increased permanent disability, was made on or about June 23, 1972, while the application which is under review on this appeal was filed on May 8, 1975. Petitioner has abandoned any claim for additional disability benefits, and thus limits her appellate contention to the propriety of the denial of medical care benefits.
*506 A brief review of the facts and prior proceedings in the Division of Workers' Compensation is essential for the determination of this appeal.
Petitioner filed her first petition for workers' compensation benefits in 1967 for the disability resulting from the contraction of an occupational disease, namely, infectious hepatitis, as a result of exposure to viruses and disease while employed as a supervisor of nurses by respondent hospital. After a hearing on May 27, 1968, judgment was entered on June 3, 1968 for partial permanent disability of 27 1/2% of total, with a notation that respondent had already paid the appropriate amount of temporary disability for 11 5/7 weeks and also furnished medical treatment.
Pursuant to a petition for increased disability filed in 1969, petitioner was awarded an additional 12 1/2% of total by judgment entered on April 21, 1972. As already noted, the last payment pursuant to this judgment was made on June 23, 1972.
The record and the findings of the compensation judge in connection with the first application in 1968 are significant in the determination of the issue before us. Petitioner testified that in May 1966 she was in contact with a patient suffering from hepatitis and that her own condition was diagnosed as hepatitis. Her symptoms consisted of constant nausea, frequent abdominal pain and frequent heartburn and fatigue. She took medication regularly before eating and maintained a low-fat diet. Prior to the hearing she had been subjected to five hospital admissions when she was treated for her condition for varying periods of time in 1966 and 1967, and had continued to be under the constant care of her physician. Every two months she was subjected to blood examinations.
At that hearing counsel for respondent stipulated as follows:
And the agreement is to pay a doctor in the future for treatment, if she needs it, and this doctor will be supplied by the carrier.
*507 Furthermore, the judge stated in his findings:
It is further agreed by the respondent that because of the nature of her condition the petitioner may need medical in the future, and, if so, they will provide the same through a physician to be named by them upon notification by the petitioner.
* * * * * * * *
She is under continual care, medication and diet.
By way of formal codification, the judgment of June 3, 1968 provides:
Resp. to furnish petitioner with medical care, when required.
Subsequently, the 1972 judgment for increased disability includes a similar provision that "Respondent to furnish petitioner with medical care, when required." The transcript of the 1972 hearing reflects agreement by respondent to pay doctor's bills amounting to $840, plus reimbursement in the sum of $146.58 for drugs and other medical expenses. The testimony of petitioner at that time indicates that her condition became exacerbated since the 1968 hearing; that she had several attacks requiring hospitalization four or five times, with a surgical procedure in March of 1970. She testified also that she had become "extremely anxious" because she did not know when she would suffer another attack, and that her feeling of tiredness and fatigue had worsened.
The record in the current proceeding indicates that petitioner alleged that she was rehospitalized for recurring symptoms connected with the original hepatitis condition on February 27, 1975, more than two years after the last compensation payment, and that she was treated for the same condition by Dr. Dornich until April 2, 1975. On April 1, 1975 petitioner's attorney notified counsel for respondent of the requisite additional medical treatment. It further appears that other medical and hospital bills accrued up to the time of the argument of that motion on June 7, 1966. The compensation judge rendered an oral opinion on March 18, *508 1977 in which he reviewed the procedural history of the litigation and summarized the question for decision by the following:
The question before me then seems to be simply whether a Judgment entered in this Division which provides for the payment of compensation to a petitioner by way of medical treatment in futuro can operate to extend the liability of the respondent to the petitioner beyond the two year period provided for asserting a claim by the petitioner in R.S. 34:15-51 and the subsections setting forth the statute of limitations in other circumstances.
Thereupon the judge concluded that a judgment of the Division of Workers' Compensation for payment of future medical expenses cannot enlarge or expand the time limitation of two years established by the Legislature. He found that the prior record did not support a conclusion that there was a finding at the time of the earlier determinations that "petitioner would, in fact, need medical treatment in the future," or that there was established "a certainty of medical treatment in the future." Accordingly, he decided that the provision for future medical treatment when required was circumscribed by the statutory limitation of two years from the date of last payment and entered an order denying the application.
The particular question under consideration is a novel one in this State, except as it may have been anticipated by dictum in the Supreme Court opinion of Sa v. H.L. Harrison & Son, Inc., 38 N.J. 203 (1962). The court in that case rejected a request by a petitioner to include a broad, protective order in the judgment of the Compensation Division directing medical treatment and services which may be required at any time in the future, where the compulsory furnishing of such treatment is barred by the two-year limitation period. See Coombs v. Nash Refrigeration Co., 18 N.J. Misc. 421 (Dept. of Labor 1940).
The full significance of the holding in Sa is revealed in the court's summary of the petitioner's position:
*509 Petitioner's contention therefore has come down to the bald proposition that an employee is entitled to a broad protective order directing medical treatment and the like at any time in the future in any case, even where all the present medical testimony indicates no likelihood of any prospective necessity for it. [38 N.J. at 206]
The limitation of the holding is further illuminated by the comment:
Petitioner's apprehension of a similar predicament is natural and understandable, even though the medical evidence in his case is entirely negative as to any such possibility. [at 208; emphasis supplied]
Finally, the court, by way of dicta, added the following:
What we have said should not be understood to mean that there may not be cases where an order for future medical services would be statutorily justifiable even though it might turn out that such services would in fact be furnished after the limitation period expired. We refer to situations where, in a proceeding brought within time and the issue is tried out, the medical proofs are such that the compensation judge may then decide, with reasonable medical certainty, that the service will be necessary at some future time although it cannot presently be determined exactly when that time will arrive. A couple of examples suggest themselves. One is the case of an employee who suffers the loss of a leg and the employer is required to furnish an artificial limb pursuant to R.S. 34:15-15, N.J.S.A. It is, of course, evident that the prosthetic appliance will wear out in time and have to be replaced. The employer may justifiably be ordered on the occasion of the original permanent disability compensation award to furnish new limbs at any time in the future when required. Again, suppose a burn case where the proofs show that several future plastic surgical operations will be required although the exact time cannot be presently determined. Here, too, a judgment could properly order them to be furnished by the employer when the time becomes medically appropriate. But the present case does not come close to the standard of future need suggested by the above examples. [at 209-210]
From the foregoing we are satisfied that the Supreme Court has acknowledged and approved the propriety of an order in the Compensation Division compelling medical care in futuro without the inhibition of the limitation period, *510 provided that the factual record establishes to the satisfacfaction of the compensation judge with reasonable medical certainty that such care will be necessary at some indeterminable future time.
Respondent urges that the facts of this case do not fit into the category of exceptional cases mentioned in the Sa v. H.L. Harrison opinion. Our answer to this question is simply that the hypothetical fact situations posed by the court in the foregoing excerpt from the opinion are but illustrative examples, and not intended to embrace all possible medical pictures which may arise in a compensation case. In our opinion, the case at bar presents a factual picture which falls within the standard of future need contemplated by the Sa court. A similar result is reached by the Florida Supreme Court, interpreting a comparable statutory provision, in Platzer v. Burger, 144 So.2d 507 (1962), and Fort v. Hood's Dairy, Inc., 143 So.2d 13 (1962).
The record herein convinces us that the evidence before the Division of Compensation in 1968, as supported by the agreement of the respondent at the time, furnishes a sufficient basis for the judge's express finding that petitioner would need medical care in the future. The nature of the disease involving chronic attacks, regular and constant medical supervision, repeated hospital confinements, and an obvious absence of cure, all of which is reflected in the testimony and records presented during the hearings of 1968 and 1972, amply support the conclusion that respondent and the Compensation judge intended to provide the medical services necessitated by that condition in the future without reference to the two-year limitation requirement.
This intention is further demonstrated by the explicit provision in the judgment for such future medical care. Such a provision would normally be superfluous if the compensation judge intended that application for such additional care must be made within the limitation period, for that would have been a statutory right of petitioner without *511 inclusion in the judgment. Its incorporation therein lends some significance to the meaningful intent of the parties and the compensation judge.
The application of petitioner herein may therefore be construed as a motion in the original cause invoking the jurisdiction of the Division of Compensation which was impliedly retained by the provision in the 1968 judgment and repeated in the subsequent 1972 judgment. See Sa v. Harrison & Son, supra, dissent by Jacobs, J., 38 N.J. at 212. When viewed in that light, petitioner's motion does not constitute an independent petition for review and modification of an award but rather a motion for enforcement of the 1968 and 1972 orders. Thus it is not controlled by N.J.S.A. 34:15-27 or the time limitation contained therein.
In view of the unusual facts herein as exemplified by the record of the earlier proceedings, and the strong considerations of justice supporting petitioner's request, we conclude that the granting of relief does not impinge upon the legislative policy of the limitation provisions of the Workers' Compensation Act. In fact, it carries out the basic rule permitting a liberal construction of the Workers' Compensation Act in order to reach a salutary and remedial result favorable to the injured workman rather than one necessarily dictated by the "coldly literal import" of the legislation. See Paul v. Baltimore Upholstering Co., 66 N.J. 111, 136 (1974); Dawson v. Hatfield Wire & Cable Co., 59 N.J. 190, 196-197 (1971).
Accordingly, we reverse and remand to the Division of Workers' Compensation to consider petitioner's application at a plenary hearing to determine her right, if any, to reimbursement for medical attention in conformity with this opinion.
We do not retain jurisdiction.